Per Curiam.

This action to recover for breach of contract of bailment of plaintiff’s automobile is governed by the three-year negligence statute (CPLR 214, subd. 4) and not the six-year “contractual obligation or liability” statute (CPLR 213, subd. 2). While the bailment transaction arose in contract, the obligation or liability is the common-law duty of due care and the grounds of recovery are defendants’ negligence. In determining the applicable Statute of Limitations, the courts look to the basic essentials of recovery. If the gravamen of the cause of action is predicated on a tort, the three-year negligence statute controls (Atlas Assur. Co. v. Barry Tire & Serv. Co., 3 A D 2d 787; Federal Ins. Co. v. United Port Serv. Co., 23 Misc 2d 142 [Steuer, J.], affd. 12 A D 2d 905). Subdivision 1 of section 48 of the Civil Practice Act was adopted without change in CPLR 213 (subd. 2) and the interpretation and application *826 by the courts of the former provision are applicable under the CPLB provision.
The order should be reversed, with $10 costs, plaintiff’s motion to strike the affirmative defense of the Statute of Limitations denied and defendants’ cross motion to dismiss the complaint as barred by the Statute of Limitations granted.
Concur— Gold, J. P., Markowitz and Quinn, JJ.
Order reversed, etc.