The **HARTFORD FIRE INSURANCE COMPANY**, Plaintiff,

v.

The **CALLANAN MARINE CORP.**, **Defendant and Third-Party Plaintiff,**

v.

**BRONX TOWING LINE, INC.,** **Third-Party Defendant.**

No. 69 Civ. 1245.

United States District Court, S. D. New York,

Jan. 7, 1973.

Donovan, Donovan, Maloof & Walsh, New York City, for plaintiff by Charles C. Goodenough, New York City, of counsel.

McHugh, Heckman, Smith & Leonard, New York City, for defendant and third-party plaintiff by Maurice F. Beshlian, New York City, of counsel.

Poles, Tublin, Patestides & Stratakis, New York City, for third-party defendant by Edward F. Gerace, New York City, of counsel.

WHITMAN KNAPP, District Judge.

On June 26, 1967, a portion of brick being shipped by plaintiff's subrogor (hereinafter referred to in the interest of clarity as "plaintiff" even where the reference is to the shipper rather than to its insurer) from Beacon, New York to Newton Creek, New York, fell overboard from the barge Starr 45 while the barge was progressing in the vicinity of the East River and 34th Street.

On October 31, 1967, the same fate befell a second shipment of plaintiff's brick, while the barge carrying it, Starr 43, was berthed at Exner Dock, Bronx, New York.

To recover for its two losses, plaintiff commenced an action in admiralty against defendant Callanan Marine Corp. on March 26, 1969. The complaint alleges that plaintiff had contracted with Callanan to tow both barges, and that Callanan's negligence was the cause of both mishaps.

Defendant served its answer on December 3, 1969, in which it denied, among other things, the allegations that it had undertaken to tow each barge to its ultimate destination.

Within fifteen days of service of the Answer, plaintiff filed notice of its intent to take the deposition of the defendant on December 29, 1969. It appears however, from plaintiff's memorandum of law (July 25, 1973) that this examination did not take place until June 13, 1973 or some three and one half years later. In fact, no further activity whatever occurred in the case until the attorneys were roused from their torpor by a notice to appear before Magistrate Raby on May 14, 1973. Indeed it appears that the (probably sole) catalyst for the scheduling of the EBT some 3½ years after it was noticed, was Magistrate Raby's warning at the May 14 conference that he would recommend dismissal of the case for non-diligent prosecution unless discovery was completed within one month.

It appears that when due to this judicial prompting the EBT was finally held, the fact came to light that when each portion of brick had fallen overboard, Barges 45 and 43 were respectively being towed or had been berthed not by defendant Callanan but by tugs owned by a corporation known as Bronx Towing Line, Inc., with which defendant Callanan had apparently contracted to perform towing services within the Port of New York area.

Thereupon with admirable speed the parties prepared a motion to permit defendant Callanan on consent of plaintiff to implead Bronx Towing Line, Inc. (F.R.Civ.P. 14(c)). The Court, while recognizing that the motion was made well beyond the six-month limit imposed upon impleader by Southern District Civil Rule 16, was of the view that such limit was designed to protect plaintiffs. Therefore in view of plaintiff's consent, the Court granted the motion.

The third-party complaint was filed on June 27, 1973.

The Court now has before it two motions: one made by third-party defendant to dismiss the third-party complaint on the ground of laches, and a second motion by plaintiff for leave to amend its complaint to add third-party defendant as an additional defendant. Whether laches should bar the relief requested is the sole question presented by each motion.

The preclusion of stale claims in admiralty is achieved by application not of inflexible statutes of limitation but of the equitable doctrine of laches. State statutes of limitation governing actions most comparable to the admiralty action in question are nonetheless looked to by the court for guidance in deciding whether laches should bar relief. Thus, as succinctly stated by the Second Circuit Court of Appeals, speaking through Judge Friendly in Larios v. Victory Carriers (1963) 316 F.2d 63, 66:

"When the suit has been brought after the expiration of the state limitation period, a court applying maritime law asks why the case should be allowed to proceed; when the suit, although perhaps long delayed, has nevertheless been brought within the state limitation period, the court asks why it should not be."

*Larios,* it should be noted, rejects the notion that expiration of the state limitation period creates a presumption of laches. Rather, the effect of expiration appears to be only to shift the burden of persuasion as to laches' 2-pronged requirement of delay coupled with prejudice.

Pursuing this analysis, the following questions must be decided:

1] What is the comparable state limitation period; and

2] Has it expired

a) If so, why should the actions be allowed to proceed; or

b) If not, why should they not be?

As to the first question, in the instant case the issue is whether New York's three year limit for "an action to recover damages for an injury to property" [CPLR 214(4)] or its six

year limit for "an action upon a contractual obligation or liability express or implied . . ." [CPLR 213(2)] should be deemed applicable.

CPLR C213;2 Practice Commentary, written by Joseph M. McLaughlin, notes that "Difficulties [in choosing between the two periods just described] are continually experienced because of the ambivalence of the CPLR in defining some statutes of limitation in terms of a theory of liability, . . . , and others in terms of the type of damage done . . . . This problem commonly appears where the plaintiff has suffered personal injury or property damage resulting collaterally from a breach of contract, and where the three-year period has expired."

The Commentary goes on to state that generally the New York courts apply the three-year negligence period where, to recover, the plaintiff must prove that the defendant failed to exercise due care—i. e. where the wrong complained of is in truth negligence—even though the relationship between the parties "had its genesis in a contract." See e. g. Blessington v. McCrory (1953) 305 N.Y. 140, 111 N.E.2d 421; Carr v. Lipshie (1st Dept. 1959) 8 A. D.2d 330, 187 N.Y.S.2d 564, aff'd 9 N. Y.2d 983, 218 N.Y.S.2d 62, 176 N.E.2d 512; Alyssa Originals, Inc. v. Finkelstein (2nd Dept. 1964) 22 A.D.2d 701, 254 N.Y.S.2d 21, aff'd 24 N.Y.2d 976, 302 N.Y.S.2d 599, 250 N.E.2d 82; Tischler Roofing & Sheet Metal Works Co. v. Sicole Garage, Inc. (Sup.Ct.App. Term, 1st Dept. 1970), 64 Misc.2d 825, 316 N.Y.S.2d 453; Cf. Robins v. Finestone (1955) 308 N.Y. 543, 127 N.E.2d 330.

In apparent conflict with the New York doctrine is McWilliams Blue Line v. Esso Standard Oil Co. (2d Cir. 1957) 245 F.2d 84, cited by both plaintiff and third-party plaintiff as authority for consideration of New York's six year breach of warranty limit in their respective actions. In that case brought by a barge owner against a charterer for damage to the barge, the Court speaking through Judge Leibell applied the 6-year period to defendant charterer's third-party action against the tug that had been towing the barge when it was damaged during its charter. The Court, relying upon Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp. (1956) 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 noted that the towing agreement by its very nature implied a warranty of workmanlike service, an obligation on the part of the tug to tow the barge properly and safely. Accordingly with no reference made to the New York principle above discussed, the statute of limitations for breach of warranty was applied. However, in assessing the precedential value of McWilliams, a case decided three years later by Judge Dimock, Cleary Bros., Inc. v. Luria Steel (S.D.N.Y.1960) 198 F.Supp. 567, must be considered. There New York's 3 year negligence limit was applied by the Court to bar on the ground of laches an action by the owner of a scow to recover damages for injury to the scow while in the defendant's custody pursuant to a bailment contract. The Court in Cleary Bros. does not refer to McWilliams. Instead, it acknowledged the principle developed by the New York courts that where a defendant's obligation under a contract is no greater than its duty at common law to exercise due care even in the absence of any contract, the action is to be treated as one based on negligence with respect to the statute of limitations. The Court then so characterized the action before it based on injury to the plaintiff's scow, and applied the 3 year limit.

We of course recognize that normally greater precedential value attaches to a decision by the Court of Appeals than to a District Court decision (even if more recent). However, in the instant situation, the McWilliams opinion purports to rely exclusively upon federal decisions in its exposition of applicable New York law, while Judge Dimock based his holding on an interpretation (correct in our view) of perti-

nent state precedents. We must assume that counsel in *McWilliams* failed to call the court's attention to applicable state law. The Court will accordingly follow *Cleary Bros.*

■ We turn then to the two complaints in the instant case to determine whether the contract sued upon imposed any more than a duty to exercise due care. Turning to third-party plaintiff's action against third-party defendant, it readily appears that they shared a contractual arrangement whereby the latter would perform local towing services for the former. It is further apparent that third-party plaintiff alleges that third-party defendant in the course of performing its duties under the contract caused the plaintiff's brick to fall overboard from the two barges. Nonetheless the Court believes that third-party defendant's duty under the contract was no more than to exercise due care while towing the barges, and that third-party plaintiff in order to recover would have to establish the failure to exercise such care. Accordingly the Court believes that the statute of limitations for negligence actions is the one to be considered as a guide on the question of laches.

As to plaintiff's proposed action against third-party defendant, the Court believes the result should be no different. Plaintiff could presumably be considered the third-party beneficiary of the contract between the two towing companies and the warranty of workmanlike service implied in it, and thus the complaint be construed as one to recover for its breach. However, in the Court's view, plaintiff in order to recover must establish third-party defendant's failure to exercise due care in the handling of plaintiff's cargo. Accordingly the 3 year statute of limitation should be deemed the one most pertinent.

Having concluded that as to both actions the three year limitation period is the relevant one under *Larios,* the next question is whether it has expired in either. As to that, we observe that three years had long since elapsed since the two mishaps occurred by the time the third-party complaint and proposed amended complaint were filed.

■ The Court having found that the appropriate statute of limitation has expired as to both actions, the final question under *Larios* is why either should be permitted to proceed. Plaintiff and third-party plaintiff bear the burden of persuading us that the combined effect of delay and prejudice should not bar the actions.

We start with the observation that the delay in instituting both actions was both enormous and wholly inexcusable. Third-party plaintiff's failure to implead immediately in the face of its undeniable awareness that the 2 barges had been within the control of Bronx Towing when each accident occurred, is matched only by plaintiff's failure to elicit any information whatever from defendant about its case for more than four years after its commencement.

Nevertheless, the *Larios* court made explicit that even a weak excuse (although not a non-existent one) may suffice to defeat laches if the absence of prejudice can be established. We turn thus to the question of what prejudice if any Bronx Towing has suffered as a result of the unexcused delay.

■ As to that, Bronx Towing asserts that it had no knowledge whatever of the loss of brick from barge Starr #45 (the earlier incident) until it was served with the third-party complaint. Under those circumstances prejudice is irrefutable. There is no reason to expect that Bronx Towing would necessarily have been aware of the incident when it occurred, and certainly any attempt to investigate and contest liability will be severely if not fatally hampered by the passage of almost six years. See L.I.R.R. v. N.Y. Central (S. D.N.Y.1960), 182 F.Supp. 100; Red Star Towing & Transportation Co. v. Henry Gillen's Sons Lighterage, Inc. (S.D.N.Y.1967), 1967 A.M.C. 2639; cf.

Esso Transport Co., Inc. v. Terminales Maracaibo, C.A. (S.D.N.Y.1973), 356 F.Supp. 1367 [*Larios* burden there on defendant because statute of limitations had not expired].

█ As to the subsequent Starr #43 incident, Bronx Towing admits that an investigation was conducted, statements of witnesses taken and a report prepared by counsel in late 1970. However Bronx Towing avers that a key witness—one Charles Schlick—suffered a stroke and retired to Florida in 1972 and may thus be unavailable for trial. This assertion of prejudice is persuasive and is not—nor could it be—mitigated by plaintiff or third-party plaintiff. It must be presumed that if the parties had vigorously pursued this 1969 action based on 1967 occurrences it would either have come to trial or—at the very least—necessary depositions would have been completed before the witness Schlick suffered his 1972 stroke.

The Court is thus constrained to find laches as to both counts of both complaints. Neither plaintiff nor third-party plaintiff has borne its burden of negativing the obvious prejudice to third-party defendant.

We note that even had the 6-year rather than the 3-year statute of limitation been applied, it too would practically have expired by the time the parties sought to bring in Bronx Towing and would almost surely have expired before any action had been taken in the case were it not for the court's intervention in early 1973. Further, even had it not expired and the burden were thus upon Bronx Towing to persuade the Court of laches, the result would be no different, for the prejudice is plain and the delay wholly inexcusable.

For the foregoing reasons third-party defendant's motion to dismiss the third-party complaint is granted, and plaintiff's motion to amend its complaint denied. Plaintiff and defendant will be summoned by Magistrate Raby to prepare for trial.

It is so ordered.