*833
 
 OPINION OP THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 On January 27, 1988, plaintiff, owner of property at 200 West 135th Street in New York City, purchased a one-year policy from defendant insuring its property for physical (including fire) damage. In the event of loss, the policy provided that defendant could question plaintiff under oath, and it required plaintiff to sign the answers and cooperate in the investigation and settlement of the claim. The policy further provided that plaintiff could not bring legal action against defendant unless it had complied with sill of the terms of the policy and commenced the action within two years of the claimed loss.
 

 On August 5, 1988, plaintiffs property was damaged by fire with an estimated loss of $327,377.84. Plaintiff timely notified defendant of the loss. Defendant’s subsequent inspection of the property concluded that the fire was caused by arson. Defendant conducted four examinations of plaintiff under oath, all of which had to be adjourned on consent because plaintiff failed to bring requested documents. Defendant sent plaintiff copies of each of the transcripts, but plaintiff executed and returned to defendant only the first transcript; the other three were never executed. Defendant contends that plaintiff never produced documents it requested, whereas plaintiff now claims that missing documents were destroyed in the fire. Defendant neither denied nor made payment on plaintiffs claim and asserts that the investigation of the claim was never concluded.
 

 Plaintiff brought this action on April 24, 1991, more than three years after the fire, alleging breach of contract and “deceptive acts and practices” in violation of General Business Law § 349. Supreme Court granted summary judgment to defendant, dismissing the contract cause of action as time barred and the section 349 cause of action for failure to state a claim, and the Appellate Division affirmed, as do we.
 

 Plaintiff makes two claims as the basis for section 349 liability. First, it contends that defendant internally rejected its claim but withheld the decision from plaintiff to avoid triggering the insurance regulation requiring it to notify plaintiff of the time limit to sue (11 NYCRR 216.6). Second, plaintiff argues that defendant acted deceptively in its method
 
 *834
 
 of processing the claim so as to avoid triggering the notification requirements. Alternatively, plaintiff argues that defendant either waived or is estopped from asserting the time bar on its breach of contract claim.
 

 Even if defendant’s acts qualify as "consumer-oriented” under section 349
 
 (see, Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank,
 
 85 NY2d 20 [decided today]), plaintiff’s claim nonetheless must fail based on this record. Plaintiff offers no evidence to support its first contention that defendant had internally decided to reject its claim. Indeed, the record supports defendant’s position that the claim continued under investigation pending plaintiff’s production of requested documents. Similarly, plaintiff offers no evidence in support of its second argument that defendant acted improperly to ensure that the notification requirements were never triggered. Rather, plaintiff’s actions in failing to produce its documents as promised and execute the transcripts precluded the triggering of the notification requirements. Thus, as a matter of law, plaintiff’s claims under section 349 fail.
 

 Plaintiff’s remaining arguments are without merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur; Judge Smith taking no part.
 

 Order affirmed, with costs, in a memorandum.