OPINION OF THE COURT
Thomas A. Stander, J.
The defendants, Commercial Union Insurance Companies (Commercial) and Todd Pcionek (Pcionek), seek an order pursuant to CPLR 3212 and/or 3211 dismissing each of plaintiff Page One Auto Sales’ (Page One) claims, and dismissing all cross claims of the codefendants, Glanton & Associates, Inc., Thomas G. Glanton and C. Craig Smith, in their entirety.
The defendants, Glanton & Associates, Inc. (Glanton, Inc.), Thomas G. Glanton (Glanton), and C. Craig Smith (Smith), join in the motion submitted by codefendants Commercial and Pcionek and seek summary judgment on all causes of action. To the extent a viable cause of action may be stated against them, Glanton, Inc., Glanton, and Smith oppose dismissal of their cross claims.
Plaintiff, Page One, cross-moved for summary judgment in its favor as to liability for its first five causes of action.
*822 FACTS
Page One Auto Sales houses, deals, buys and sells luxury cars. On July 10, 1996 one of its cars, a 1984 Ferrari, was damaged and plaintiff sought, as it had before, reimbursement up to the full amount of insurance coverage with Commercial, minus the deductible. The adjuster, Todd Pcionek, not involved in previous claims, alerted plaintiff to a policy provision wherein the insurer alleges it need only pay a fraction of the damage. The numerator of the fraction was the value of the Ferrari ($35,400), the denominator was the total value of plaintiff’s inventory ($417,500), or .0848, thereby computing roughly $1,725 due on the plaintiff’s claim. This litigation followed.
The plaintiff sued the insurer, Commercial, and the adjuster for Commercial, Pcionek, individually. In addition, plaintiff sued Glanton, Inc., the insurance agent which placed the insurance with Commercial, and two principals of Glanton, Inc., Glanton and Smith, individually. The complaint is comprised of six causes of action: (1) breach of contract; (2) estoppel; (3) bad faith; (4) and (5) violations of General Business Law § 349; and (6) unjust enrichment.
In the papers before the court, plaintiff acknowledges that the sixth cause of action is defective and not a viable cause of action. The sixth cause of action is dismissed.
In addition, plaintiff concedes that its only claim against the defendants Glanton, Inc., Glanton and Smith is for violation of General Business Law § 349.
I. GENERAL BUSINESS LAW § 349 — FOURTH AND FIFTH CAUSES OF ACTION
General Business Law § 349 (a) states that “ [deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.” Section 349 (h) also allows “any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice” for his actual damages. The plaintiff alleges that the defendants willfully or knowingly engaged in deceptive practices.
The Court of Appeals, when addressing the application of General Business Law § 349, states:
“[A]s a threshold matter, plaintiffs claiming the benefit of section 349 — whether individuals or entities such as the *823 plaintiffs now before us — must charge conduct of the defendant that is consumer-oriented.
“Consumer-oriented conduct does not require a repetition or pattern of deceptive behavior. The statute itself does not require recurring conduct * * * Plaintiff, thus, need not show that the defendant committed the complained-of acts repeatedly — either to the same plaintiff or to other consumers — but instead must demonstrate that the acts or practices have a broader impact on consumers at large * * *
“A prima facie case requires as well a showing that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof [citations omitted].” (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995].)
In a case between a major university and a large national insurance company involving the sale of policy which was tailored to meet the purchaser’s requirements, the Court of Appeals held that the threshold requirement that the conduct be consumer-oriented was not met; therefore, the cause of action was stricken. (New York Univ. v Continental Ins. Co., 87 NY2d 308, 321 [1995].) The Court explained its position by stating that “[ajlthough relief under the statute is not necessarily foreclosed by the fact that the transaction involved an insurance policy [citation omitted], this was not the ‘modest’ type of transaction the statute was primarily intended to reach [citation omitted]. It is essentially a ‘private’ contract dispute over policy coverage and the processing of a claim which is unique to these parties, not conduct which affects the consuming public at large [citations omitted].” (New York Univ. v Continental Ins. Co., supra.) In order to maintain an action under section 349 of the General Business Law the “defendant[s’] acts or practices must have a broad impact on consumers at large” (New York Univ. v Continental Ins. Co., at 320). “[T]he statutory purposes [are furthered] by our adoption of an objective definition of deceptive acts and practices, whether representations or omissions, limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances. Such a test * * * may be determined as a matter of law or fact (as individual cases require)”. (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 26 [1995], supra.)
The private contract between an insurance agent and a used auto dealer, whereby a property damage and liability in *824 surance policy is purchased to cover used cars, does not qualify under the statute. (See, New York Univ. v Continental Ins. Co., 87 NY2d 308 [1995], supra; Myers, Smith & Granady v New York Prop. Ins. Underwriting Assn., 85 NY2d 832 [1995] [summary judgment dismissing the General Business Law § 349 cause of action].) The claim is only of interest to the parties involved in this dispute.
The fourth cause of action and fifth cause of action, both alleging claims pursuant to General Business Law § 349, are dismissed.
II. THIRD CAUSE OF ACTION FOR BAD FAITH
The third cause of action alleges a violation of the covenant of good faith. “The duty of ‘good faith’ settlement is an implied obligation derived from the insurance contract [citation omitted].” (Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 452 [1993].) A claim based on the implied covenant of good faith and fair dealing is derived from the insurance contract and does not state a separate cause of action. (See, New York Univ. v Continental Ins. Co., supra, at 319-320; Pavia v State Farm Mut. Auto. Ins. Co., at 452-454; Quail Ridge Assocs. v Chemical Bank, 162 AD2d 917 [3d Dept 1990], lv dismissed 76 NY2d 936 [1990].)
The third cause of action for bad faith is dismissed.
III. FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AND SECOND CAUSE OF ACTION FOR ESTOPPEL
The plaintiff alleges a breach of contract claim against Commercial based upon failure to pay the proper amount under the insurance policy and a cause of action based on estoppel due to prior claims for payment under the policies of Commercial being paid in full and not based on a percentage formula. The defendant Commercial asserts that based upon the language of the policy it is entitled to summary judgment.
This court, after a complete review of all the papers submitted, determines that a question of fact exists as to the breach of contract claim and the cause of action on estoppel. Initially, the plaintiff states in his affidavit that the policy he received from Commercial and/or Glanton, Inc. did not contain this endorsement document. The defendant, Commercial, asserts that it was sent to Glanton for distribution to the insured. However, Commercial also avers that after the first policy year, in 1994-1995, that complete new policies are not forwarded each year. In fact, the endorsement which is the subject matter *825 of this litigation was never forwarded to plaintiff again after the original 1994-1995 policy was issued. Clearly a question of fact exists on whether plaintiff received the endorsement at issue.
In addition, there is a question of fact regarding the policy terms. The insurance company sets forth in its affidavits at various times that the policy provides limits of insurance for physical damage coverage quoting “Section IV — physical damage coverage, subparagraph A. and C.” There is no dispute that the plaintiff’s policy was on a nonreporting premium basis. Commercial’s affidavits indicate that the application of the language contained in the policy at section IV, Physical Damage Coverage, C.2.c. leads to the conclusion that they owe only $1,725.75. However, at no time do the affidavits give specific references to the policy terms or coverage as to how this conclusion is reached. The only limit of insurance is stated under item seven of the “Garage Coverage Form — Auto Dealers’ Supplementary Schedule”. This limitation is stated as being for the limit for each location and for comprehensive coverage. There is no indication of the limit for collision coverage which is marked above as a coverage for used autos and autos owned. This entire check box is under item seven for physical damage coverage. In addition, the limit of insurance for each location states an amount of $26,250 “minus $250 deductible for each covered auto for loss caused by theft or mischief or vandalism subject to $1000 maximum deductible for all such loss in any one event.” This does not indicate limitations on losses for collision.
There is a question of fact as to the application and computation of the limits of insurance for physical damage coverage on a nonreporting premium basis.
It is undisputed that two prior property damage claims by plaintiff were processed by Commercial without dividing the total value of the inventory into the amount of the claim. The defendant attempts to assert that each year’s insurance policy is a “separate and distinct policy” and therefore prior payment is irrelevant. However, at the same time the insurance company is asserting that it is not required to provide a new policy each year a new premium is paid because the insured received the original policy and unless there are changes no new documents are sent on renewal of a policy. The insurance company cannot have it both ways. Plaintiff’s reliance on the prior history of payment on claims is a legitimate fact question which cannot be resolved on these papers. This estoppel claim *826 becomes even stronger if plaintiff did not receive the whole policy containing the limits of coverage attached as an endorsement.
A question of fact exists on the first and second causes of action. The defendant Commercial’s motion for summary judgment dismissing these claims as against Commercial is denied.
IV. CLAIMS AGAINST TODD PCIONEK INDIVIDUALLY
The only claims remaining are plaintiff’s first cause of action for breach of contract and the second cause of action based on estoppel. Both these actions are based upon the actual policy and the actions of Commercial in processing prior claims under its policies.
Any acts done by Todd Pcionek were done within the scope of his employment as an adjuster for Commercial. There is no tortious conduct alleged against Pcionek individually which survives this decision sufficient to impose individual liability.
The complaint as against Todd Pcionek, individually, is dismissed.
V. CROSS CLAIMS
In accordance with the above decision, the complaint is dismissed in its entirety as against defendants Glanton, Inc., Glanton, and Smith. The only remaining causes of action are against Commercial Union Insurance Companies for breach of contract and estoppel.
The defendant Commercial’s motion to dismiss the cross claims of the codefendants in their entirety is granted. The cross claims are dismissed.
ORDER
Based upon all the papers submitted in support and in opposition to this motion, upon due deliberation, and upon the above decision, it is hereby ordered that defendant Commercial Union Insurance Companies’ motion to dismiss each of plaintiff’s claims in the complaint is granted in part, and denied in part, as follows: the sixth cause of action stated in the complaint is dismissed; the fourth and fifth causes of action stated in the complaint are dismissed; the third cause of action stated in the complaint is dismissed; the motion to dismiss the first and second causes of action stated in the complaint is denied; and it is further ordered that the motion by defendant, Todd Pcionek, to dismiss the complaint as against him individually *827 is granted, the complaint is dismissed as against Pcionek in its entirety; and it is further ordered that the motion by defendants, Glanton & Associates, Inc., Thomas G. Glanton, and C. Craig Smith, for summary judgment dismissing all causes of action stated against them is granted, the complaint as against these defendants is dismissed in its entirety; and it is further ordered that the motion by defendant, Commercial Union Insurance Companies, to dismiss the cross claims of the codefendants is granted, the cross claims are dismissed; and it is further ordered that the motion by plaintiff for summary judgment in its favor as to liability for its first five causes of action is denied.