17-2621-cv
*Classic Laundry & Linen Corp. v. Travelers Cas. Ins. Co. of Am.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand eighteen.

Present:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

───────────────────────────────

CLASSIC LAUNDRY AND LINEN CORP.,

> *Plaintiff-Appellant*,

v.                                                    17-2621-cv

TRAVELERS CASUALTY INSURANCE COMPANY
OF AMERICA,

> *Defendant-Appellee*.

───────────────────────────────

| | |
|---|---|
| For Plaintiff-Appellant: | DENISE M. COSSU (Lisa Colosi Florio, *on the brief*), Gaines, Novick, Ponzini, Cossu & Venditti, LLP, White Plains, NY. |
| For Defendant-Appellee: | YALE GLAZER, Lazare Potter Giacovas & Moyle LLP, New York, NY. |

1

Appeal from a July 6, 2017 judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Classic Laundry and Linen Corp. ("Classic") appeals from a July 6, 2017 judgment of the United States District Court for the Southern District of New York (Seibel, *J.*). Classic purchased an insurance policy from Defendant-Appellee Travelers Casualty Insurance Company of America ("Travelers") that provided coverage for damage to Classic's business personal property and any business income loss or incurred extra expense resulting from a covered loss. The policy's limitations period clause stated that "[n]o one may bring a legal action against [Travelers] under this Coverage form unless: . . . [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." App. 9. On May 1, 2013, there was a fire at Classic's business premises. Travelers paid Classic for damage to Classic's business personal property but denied Classic coverage for business income and incurred extra expense because, among other reasons, Classic failed to timely return an executed sworn statement proving its losses. Classic sued Travelers for business income and extra expenses in state court on March 3, 2016. The case was removed to the United States District Court for the Southern District of New York on July 8, 2016. On June 30, 2017, the district court granted Travelers' Rule 12(b)(6) motion to dismiss. The court concluded that the case was untimely because the contract specified that lawsuits enforcing the policy must be brought within two years after the physical loss occurred, and Classic sued almost three years after the fire. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In insurance actions, "[a]n agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable." *Exec. Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 518 (2014) (emphasis omitted) (quoting *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 551 (1979)). Although insurance limitations period clauses usually "start the clock not at the time of the accident itself but only once 'the right to bring an action exists,'" parties can opt out of this default rule. *Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 91 (2d Cir. 2010) (quoting *Steen v. Niagara Fire Ins. Co.*, 89 N.Y. 315, 323 (1882)). We construe ambiguities in an insurance policy against the insurer. *See, e.g.*, *McGowan v. Great N. Ins. Co.*, 105 A.D.3d 714, 715 (2d Dep't 2013).

Classic argues on appeal that the district court erred in dismissing its complaint. In its view, a reasonable person could interpret the limitations period clause to mean that the two-year clock starts to run (1) at the time of accident for business personal property damages claims and (2) at the time the claims accrue for business income and extra expense claims. Were the clock to start to run after the physical loss for all claims, Classic maintains, it would often prove impossible to sue for business income and extra expense because such losses will not be fully ascertainable within two years. We disagree.

The clause at issue is unambiguous: "[n]o one may bring a legal action against us under this Coverage form unless: . . . [t]he action is brought within 2 years after the date on which *the direct physical* loss or damage occurred." App. 9 (emphasis added). New York courts have interpreted "the date on which the direct physical loss or damage occurred" to refer to the date of

3

the physical loss, casualty, or accident, not the day on which the insured's claim accrued. *See Exec. Plaza*, 22 N.Y.3d at 518; 71 N.Y. Jur. 2d Insurance § 2528 ("[W]here the policy provides that an action must be brought 'within 12 months after the calendar date of the happening of the physical loss or damage out of which the claim arose,' the phrase has been interpreted to mean that the action must be filed within 12 months after the occurrence of the event insured against rather than 12 months after recovery can be had under the terms of the policy."); *see also Fabozzi*, 601 F.3d at 92 (commenting that it was "no surprise" that the New York Court of Appeals in *Myers, Smith & Granady, Inc. v. N.Y. Prop. Ins. Underwriting Ass'n*, 85 N.Y.2d 832 (1995), interpreted the phrase "date on which the direct physical loss or damage occurred" to refer to "the date of the fire"). Classic responds that these cases are all inapposite because none concerned claims for business income. But the relief Classic seeks has no bearing on the meaning of the phrase "date on which the direct physical loss or damage occurred." App. 9. And the limitations period clause specifies that the two-year clock starts running after that date for *all* claims, including those for business income. *See id.* ("*No one may bring a legal action* against [Travelers] under this Coverage form . . . .") (emphasis added); *see also Albert Frassetto Enterprises v. Hartford Fire Ins. Co.*, 144 A.D.3d 1556, 1557 (4th Dep't 2016) (holding that a similar limitations period clause "unambiguously applie[d] to" claims for lost business income).

Classic is also incorrect when it suggests that our reading would make it impossible for many policyholders to bring claims for business income and excess expenses losses. Under New York law, limitations period clauses in insurance contracts are not enforceable against plaintiffs if the limitations periods expire before the plaintiffs' causes of action accrue. *See Exec. Plaza*, 22 N.Y.3d at 518 ("It is neither fair nor reasonable to require a suit within two years from the date of the loss, while imposing a condition precedent to the suit . . . that cannot be met within that two-

4

year period."). But Classic does not argue that it could not have met the two-year deadline. By Classic's own admission, its claim accrued nine months before the limitations period expired. *See* Reply Br. 11. The clause at issue is thus not only unambiguous, it is also reasonable and therefore enforceable against Classic.

Finally, Classic argues for the first time on appeal that Travelers is estopped from raising a timeliness defense. We decline to consider this argument. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) (holding that appellate courts will generally not consider arguments raised for the first time on appeal).

\* \* \*

We have considered Classic's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk