■ THOMAS FERRARA, Respondent, v INSURANCE COMPANY OF NORTH AMERICA, Appellant.—Appeal from order, Supreme Court, New York County (Leonard N. Cohen, J.), entered December 16, 1985, denying plaintiff's motion for summary judgment and defendant's cross motion for summary judgment dismissing the complaint and judgment on its counterclaim, dismissed since that order was superseded by an order of said court entered June 11, 1986, without costs. Order of June 11, 1986, granting defendant's motion to reargue and renew, and, upon renewal, again denying the motion and cross motion for the aforesaid relief, is reversed on the law, without costs, and summary judgment is granted dismissing the complaint and the counterclaim.

This action concerns a dispute over payment of an insurance claim following a fire on property owned by a partnership, Hillview Ranch Associates. The partnership consisted of plaintiff Thomas Ferrara, the named insured with a 40% interest, and Chris Agoliati, an insured with a 60% interest.

After the fire, an insurance claim was made to the defendant by plaintiff alone. He received the sum of $73,200, the replacement cost for the damage ($90,000) minus depreciation ($16,800).

In his complaint for breach of contract, plaintiff sought recovery for the $16,800 in depreciation withheld by defendant insurer. Plaintiff based this claim on his interpretation of the policy which he alleged provided for no deduction for depreciation where a building is insured for more than 80% of the replacement cost. Defendant's answer disputed this interpretation and contained a counterclaim seeking a 60% refund from Ferrara. Defendant alleged that, pursuant to the policy, Ferrara was entitled only to payment for his 40% insurable interest in the property. It sought recovery of approximately 60% of the $73,200 paid out, an amount totaling $44,040.

Plaintiff moved for summary judgment and defendant cross-moved for summary judgment on its counterclaim. Plaintiff relied on a portion of the "Replacement Cost Provision" of the policy which provided that, "If the amount of the insurance under this policy is 80% or more of the replacement cost of the building immediately prior to the loss, we will pay the smaller of the replacement cost of the damage, or the amount actually and necessarily spent to repair the damage." Defendant opposed the motion, contending that the $16,800 was due only if the damage was actually repaired and a claim was made within 180 days from the date of the loss. The portion of the "Replacement Cost Provision" relied on by the defendant reads as follows:

"If the cost of repairing or replacing the damaged property is more than $1,000 or more than 5% of the insurance under this policy which applies to that building, we will not pay more than the replacement cost of the damage, less depreciation, until the damage is actually repaired or replaced.

"You can make a claim for loss or damage to a building based solely on the replacement cost of the damage less depreciation. If you then repair or replace the damaged property and the amount you received does not cover your losses, you may make a claim for the rest of your loss based on replacement cost basis. The claim must be made, however, within 180 days from the date of the loss."

As for the counterclaim, defendant relied on an "Insurable Interest" provision of the policy which states, "The most we will pay for any loss is the value of the interest you or a household member has in the property" (homeowners policy,

other payment provisions). Plaintiff, in opposition to the cross motion, argued that defendant was estopped from relying on the insurable interest provision because of its prior knowledge of plaintiff's 40% interest and its acceptance of a hold-harmless agreement from the partnership which stated, "In order to induce you to pay the claim as aforesaid, Hillview Ranch Associates and Chris Agoliati hereby agree and consent to the settlement with Ferrara. In addition, Ferrara shall hold the Insurance Company of North America harmless from any claim made by Hillview Ranch Associates or its partners with respect to the settlement of this claim."

The trial court denied the motion and cross motion even though it found that the replacement cost provision of the policy entitled defendant to withhold depreciation, where, as here, the amount of insurance coverage constituted more than 80% of the replacement value and no repairs had been undertaken. In denying summary judgment on the counterclaim, the court determined that there was an issue of fact concerning the identity of the insured property. The court noted that the property described in the partnership agreement differed from that described in the policy.

Defendant moved to reargue and renew, contending that plaintiff tacitly admitted the identical nature of the properties by failing to respond to a December 24, 1985 notice to admit that the property described in the partnership agreement was the same property described in the policy. Plaintiff cross-moved for reargument and renewal. For the first time, plaintiff argued that the hold-harmless agreement constituted an equitable assignment to plaintiff of his partner's 60% interest in the insurance proceeds. The trial court, after granting reargument, denied the renewed motions. In denying the motion on the counterclaim, the court found an issue of fact regarding defendant's waiver of the provision limiting Ferrara to his 40% interest.

The replacement cost provision is unambiguous. Under the policy, where, as in the case at bar, the amount of insurance is 80% (here, $90,000) or more of the replacement cost ($91,500) the insured receives "the smaller of the replacement cost of the damage * * * or the amount actually * * * spent to repair the damage." Where, however, repair or replacement cost exceeds 5% of the insurance coverage, the same provision requires defendant to pay no more than the replacement cost less depreciation until repair or replacement. Here, the trial court correctly determined that since no repairs had been made, plaintiff was entitled only to the replacement cost

minus depreciation. Having reached this conclusion, defendant was entitled to summary judgment dismissing the complaint. No genuine dispute exists as to the identity of the insured premises.

The motion court also erred in concluding that an issue of fact exists as to whether defendant waived reliance on the insurable interest provision. Plaintiff prepared the hold-harmless agreement in response to defendant's demand that prior to payment, insured submit either a "Hold Harmless * * * with respect to any possible claim on the part of Hillview Ranch Associates or their inclusion on the proof of loss form." Defendant's action, in making full payment to Ferrara knowing the extent of his ownership and after having accepted the hold-harmless agreement, constitutes a waiver of the insurable interest clause. Even if defendant were successful on the counterclaim, it would have to return this payment to Ferrara's partner, Agoliati, who it should be noted, has made no claim against defendant. Concur—Kupferman, J. P., Sandler, Carro, Milonas and Smith, JJ.