■ STEPHEN A. STASACK, Appellant, v CAPITAL DISTRICT PHYSICIANS' HEALTH PLAN, INC., Respondent. [736 NYS2d 764] —Lahtinen, J. Appeal from an order of the Supreme Court (Canfield, J.), entered January 9, 2001 in Rensselaer County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

After being informed by his treating ophthalmologist that defendant was unlikely to provide coverage for his LASIK eye surgery,[1] plaintiff, without contacting defendant for prior authorization, paid LCA Vision Laser Associates $4,900 and proceeded to have the surgery performed. As a result of the surgery, plaintiff's distance vision was improved to 20/20 from 20/400, but he continued to require corrective lenses to read. Thereafter, plaintiff's ophthalmologist submitted claim forms for services related to the surgery totaling $2,000, and when defendant did not pay the claims, plaintiff commenced this action for a declaratory judgment claiming a breach of contract and seeking a declaration that defendant is obligated under the parties' group health insurance contract to pay for costs relating to plaintiff's surgery and damages in the amount of $5,000.[2] Following joinder of issue and certain discovery, each party moved separately for summary judgment. Supreme Court denied plaintiff's motion, granted defendant's motion and dismissed the complaint, finding that plaintiff had failed to demonstrate that the surgery was medically necessary and that he did not obtain the requisite prior approval from defendant before having the surgery performed at a nonparticipating provider. The court also granted defendant $100 in costs on each motion. Plaintiff appeals.

The threshold issue on this appeal is whether the surgical procedure that was performed on plaintiff was a covered medical service under the insurance contract. "Generally, the courts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies * * *" (*State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [citations omitted]; *see, Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172; *State Farm*

1. Plaintiff had myopia caused by misshapen corneas. The LASIK surgery reshaped the corneas properly to receive light with the intended result of improving plaintiff's distance vision.

2. Plaintiff's ophthalmologist was a participating provider and prior authorization for him to perform covered services was not required under the terms of the contract. LCA Vision Laser Associates was not a participating provider and its services were required to be preapproved. However, the record contains no claim for services submitted on behalf of LCA Vision Laser Associates.

*Mut. Auto. Ins. Co. v Bentley*, 262 AD2d 739, 740; *Harrigan v Liberty Mut. Fire Ins. Co.*, 170 AD2d 930, 930-931). On this record, we find the insurance contract provisions are sufficiently clear and unambiguous and the controlling facts are adequately before us to declare that defendant has no contractual obligation to pay for plaintiff's surgery. Section VII (10) of the insurance policy excludes from coverage those services that are not medically necessary.[3] The term "medically necessary" is defined, in relevant part, in section II (31) of the policy as follows: "More specifically, this includes treatments needed to prevent, diagnose, correct or cure conditions in the person that cause acute suffering, endanger life resulting in illness or infirmity, interfere with such person's ability for normal activity, or threaten a major handicap."

In support of its position that the subject surgery was not a covered service under the contract, defendant submitted plaintiff's deposition testimony, wherein plaintiff acknowledged that his presurgery vision with corrective lenses was 20/20 and that there were no tasks associated with his employment that precluded him from wearing glasses. Plaintiff also testified that, so long as his glasses were not removed, he was able to see well enough that his safety was not an issue. This evidence was sufficient to establish that plaintiff's condition did not interfere with his ability to function normally, notwithstanding his use of corrective lenses, and shifted the burden to plaintiff to demonstrate a material issue of fact with regard to whether his surgery was medically necessary.

Plaintiff's affidavit described three incidents in which his glasses were knocked off and his ability to function was briefly impaired. Other than these isolated occurrences, plaintiff's affidavit focused primarily on the potential inability to function normally created by the risk of his eye glasses falling off. This proof is insufficient to raise a question of fact as to whether plaintiff's poor eyesight "cause[d] acute suffering, endanger[ed] life resulting in illness or infirmity, interfere[d] with such person's ability for normal activity, or threaten[ed] a major handicap." While plaintiff also submitted the affidavit of his treating ophthalmologist, the affidavit contains nothing more than the conclusory assertion that plaintiff's surgery was medi-

---

**3.** Defendant contends that plaintiff's surgery was "cosmetic" in nature and therefore excluded under section VII (9) of the insurance policy as cosmetic surgery that is not medically necessary. In light of our determination that the contract provides coverage only for services that are "medically necessary," we need not determine whether the surgery should be deemed cosmetic.

cally necessary to correct a functional defect and makes no attempt to bring plaintiff's surgery within the policy's definition of "medically necessary," rendering it of insufficient probative value to defeat defendant's motion for summary judgment on the declaratory judgment cause of action (*see*, *Phillips v McClellan St. Assoc.*, 262 AD2d 748, 749). Accordingly, defendant is entitled to a declaration that it was not obligated under the insurance contract to pay for costs related to the surgery performed on plaintiff and consideration of defendant's remaining contentions are academic.

Finally, we find no abuse of Supreme Court's discretion in imposing costs of $100 on each of the parties' motions.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as dismissed the complaint; it is declared that defendant has no obligation under the insurance contract to pay for costs related to plaintiff's eye surgery; and, as so modified, affirmed.