■ MILLERS WOOD DEVELOPMENT CORP. et al., Respondents, v HSBC BANK USA, Formerly Known as MARINE MIDLAND BANK, Appellant, et al., Defendant. (Action No. 1.) HSBC BANK USA, Appellant, v MILLERS WOOD DEVELOPMENT CORP. et al., Respondents. (Action No. 2.) [755 NYS2d 135] —Appeal from certain parts of a judgment (denominated order) of Supreme Court, Oneida County (Grow, J.), entered October 18, 2001, that, inter alia, denied that part of the motion of HSBC Bank USA, formerly known as Marine Midland Bank, to dismiss the first cause of action in action No. 1.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and facts by denying the cross motion of defendants in action No. 2 and reinstating the complaint therein and granting that part of the motion of plaintiff in action No. 2 seeking partial summary judgment on liability in that action and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the memorandum herein. All findings of fact contained in the decision at Supreme Court, Oneida County (Grow, J.), that are inconsistent with the memorandum herein are hereby reversed and new findings are made pursuant to CPLR 5712 (c) as contained in the following memorandum: This appeal involves two actions that were consolidated. Action No. 1 was commenced by Millers Wood Development Corp. and Nirvana, Inc. (collectively, Millers Wood), and asserts four causes of action against HSBC Bank USA, formerly known as Marine Midland Bank (HSBC). Action No. 2 was commenced

by HSBC against Millers Wood, Mansur Rafizadeh and Mozafar Rafizadeh (collectively, debtors), and sought payment of several debts totaling over $1.3 million and possession of certain collateral. During the pendency of the actions, the debtors obtained refinancing and paid all obligations owed to HSBC in full, with the exception of attorneys' fees and costs that HSBC asserts are due in action No. 2 under the provisions of the loans, based upon Millers Wood's alleged default under three loan documents. HSBC moved to dismiss the complaint in action No. 1 for failure to state a cause of action, and Millers Wood cross-moved for leave to amend the complaint. Supreme Court granted HSBC's motion in part and dismissed the second, third and fourth causes of action, leaving intact the first cause of action, and denied the cross motion without prejudice to renew. HSBC moved for summary judgment and to strike the debtors' affirmative defenses in action No. 2, and the debtors cross-moved for, inter alia, summary judgment dismissing the complaint. By a written decision dated December 20, 2000, the court directed an evidentiary hearing with respect to both the motion and cross motion "solely on the issue of whether or not [Millers Wood] defaulted on [its] obligations under the Notes." On the record before us, it does not appear that HSBC or the debtors objected to that procedure (*cf. Posner v Post Rd. Dev. Equity*, 253 AD2d 866, 867). Following the hearing, the court issued a written decision granting the debtors' cross motion and dismissing the complaint in action No. 2. The court found that HSBC first demanded payment of the entire amount due under each of three loan documents in a letter dated October 25, 1999. The court further found that the three notes were not in default on that date, because "all delinquencies were cured by [HSBC's] unconditional acceptance on August 24th[, 1999] of all delinquent payments without assertion of a reservation of rights." The court further found that HSBC waived its rights arising from Millers Wood's prior defaults (if any) when it unconditionally accepted monthly payments of principal and interest on two of the notes and monthly payments of interest only on the third note (Grid Note). The court found that the debtors relied on the unconditional acceptance of those payments. The court thus determined that the "doctrine of estoppel also prevents [HSBC] from now asserting continued defaults."

HSBC contends that its acceptance of interest payments did not effect a waiver or estoppel of its right to demand payment in full under its Grid Note based on the default of the debtors on their separate agreement to pay the principal under the Grid Note. We agree.

In an appeal following a bench trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499).

In view of the documentary evidence submitted with the motion papers and at the evidentiary hearing, we find that Millers Wood was in default under the Grid Note when HSBC demanded payment by its letter dated October 25, 1999. Millers Wood did not cure the default by its payment on August 24, 1999 or its payments when due of the monthly "account[s] stated" sent by HSBC seeking only interest on the Grid Note. Given the many letters sent to the debtors and the principals of Millers Wood by HSBC, we find that the debtors "could not reasonably have believed that such payments would result in a waiver of [HSBC's] rights" (*P.T. Bank Cent. Asia, N.Y. Branch v Ho Ho Ho Realty Co.*, 273 AD2d 212, 212; *see generally United Cos. Lending Corp. v Candela*, 292 AD2d 800, 801). Because Millers Wood was in default on October 25, 1999 and did not cure the default before HSBC commenced action No. 2, HSBC is entitled under the terms of the Grid Note to the costs of collecting the loan, including reasonable attorneys' fees.

Contrary to the contention of HSBC, however, the court properly denied that part of its motion in action No. 1 seeking dismissal of the first cause of action, alleging a breach of contract. In deciding a motion to dismiss, the court's inquiry is limited to "whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88; *see Grossman v Pharmhouse Corp.*, 234 AD2d 918, 919). Here, Millers Wood has at least alleged facts that could give rise to a cause of action for breach of contract based upon a breach of the covenant of good faith and fair dealing (*see generally Dalton v Educational Testing Serv.*, 87 NY2d 384, 389).

We therefore modify the judgment on the law and the facts by denying the debtors' cross motion in action No. 2 and reinstating the complaint therein and granting that part of HSBC's motion seeking partial summary judgment on liability in that action, and we remit the matter to Supreme Court, Oneida County, for a hearing on damages in action No. 2. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.