██ DAVID W. TODD, Appellant, v WAYNE COOPERATIVE INSURANCE COMPANY, Respondent. [819 NYS2d 179]—

Peters, J. Appeals (1) from that part of an order of the Supreme Court (Relihan, Jr., J.), entered July 12, 2005 in Tompkins County, which limited plaintiff's recovery on his dwelling, and (2) from the judgment entered thereon.

Plaintiff's home, located in the Town of Lansing, Tompkins County, was destroyed by fire on March 30, 2002. The property was covered by a farm owners insurance policy issued by defendant. After plaintiff sought to collect on his insurance policy, defendant disclaimed liability and denied coverage alleging, among other things, that plaintiff committed an arson.

Plaintiff commenced this action, seeking damages for the replacement cost of the dwelling, its contents and the loss of the use of the premises in the sum of $100,224.38. Following joinder of issue, he moved for, among other things, summary judgment on the issue of replacement damages if liability was ultimately proven. Defendant contended that even with a verdict in favor of plaintiff, the policy states that if plaintiff did not replace the property within 180 days, he would only be entitled to the actual cash value of the property. In a July 2005 order, Supreme Court granted that part of plaintiff's motion regarding damages, with an amount stipulated to by the parties, but noted that pursuant to the terms of the policy, defendant would not be liable for any amount exceeding the actual cash value unless plaintiff actually repaired or replaced his property and/or structure.

Following a five-day trial, the jury returned a liability verdict in favor of plaintiff. In a judgment after trial, Supreme Court ordered that if plaintiff replaced the structure and personal property within 12 months, defendant was required to pay

plaintiff the replacement costs thereof, up to the limit of its liability, less the amounts of the actual cash values of the structure and property which were also awarded by that judgment. Plaintiff appeals from so much of the order and judgment that limited his recovery to the actual cash value unless he rebuilds or replaces the structure and/or personal property.

When interpreting an insurance contract, a court " 'must determine the rights and obligations of [the] parties under . . . [that] contract based on the policy's specific language' " (*Pepper v Allstate Ins. Co.*, 20 AD3d 633, 634 [2005], quoting *State Farm Mut. Auto. Ins. Co. v Glinbizzi*, 9 AD3d 756, 757 [2004]). Where the provisions of a contract are unambiguous, the terms must be given their plain and ordinary meaning (*see Pepper v Allstate Ins. Co., supra* at 634; *Stasack v Capital Dist. Physicians' Health Plan*, 290 AD2d 866, 867 [2002]). Viewing the provisions here, we find that Supreme Court properly determined that plaintiff had the option to seek either the actual cash value for his loss, determined pursuant to a broad rule of evidence (*see Mazzocki v State Farm Fire & Cas. Corp.*, 1 AD3d 9, 12-13 [2003]), or a settlement of the loss according to the policy's replacement cost provision. Under the terms thereof, replacement cost value cannot be awarded without plaintiff first actually repairing or replacing the property (*see D.R. Watson Holdings, LLC v Caliber One Indem. Co.*, 15 AD3d 969, 969 [2005], *lv dismissed* 4 NY3d 882 [2005], *lv dismissed* 5 NY3d 842 [2005]; *Stasack v Capital Dist. Physicians' Health Plan, supra* at 867-868; *Matter of New York Cent. Mut. Fire Ins. Co. [Prehoda]*, 231 AD2d 829, 830 [1996]).* Contrary to plaintiff's contentions, *Zaitchick v American Motorists Ins. Co.* (554 F Supp 209 [1982]) is not applicable because here plaintiff was entitled to receive the actual cash

---

* Pursuant to the "REPLACEMENT COST PROVISION," which is subject to the terms of the "HOW MUCH WE PAY FOR LOSS OR CLAIM" provision:

"3. If the policy indicates that Residence Replacement Costs Coverage applies . . . or the limit of liability on the damaged building is at least 80 percent of its replacement cost at the time of loss, [defendant] pay[s] the full cost of repair or replacement of the damaged part without deduction for depreciation.

[Defendant] pay[s] the smallest of the following amounts:

"a. the limit of liability applicable to the building;

"b. the cost . . . to repair or replace the damage on the same premises . . . ; or

"c. the amount (in excess of the deductible) actually and necessarily spent to replace or repair the damage.

"4. When the cost to repair or replace exceeds the lesser of $1,000 or 5 percent of the applicable limit of liability on the damaged building, [defendant is] not liable for more than the actual cash value of the loss until actual repair or replacement is completed."

values for his property and structure which enabled him to commence the rebuilding process.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.