# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1534.1
CA 10-01116
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

WALTER R. BAKOS, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY,
DEFENDANT-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MARCO CERCONE OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAW OFFICE OF LAWRENCE C. BROWN, ESQ., BUFFALO (LAWRENCE C. BROWN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered July 21, 2009 in a breach of contract action. The order denied the motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that defendant is obligated to perform under the homeowner's insurance policy that it issued to plaintiff. We conclude that Supreme Court properly denied those parts of defendant's motion to dismiss the first cause of action pursuant to CPLR 3211 (a) (1) and (7). That cause of action seeks a declaration that defendant is obligated to perform pursuant to the policy with respect to reimbursement for the reconstruction of plaintiff's home and that defendant "shall not be entitled to avail itself of the two-year contractual bar on suits concerning . . . any disputes [under the policy that] have not yet arisen . . . ."

The Loss Settlement provision of the policy states that defendant will pay the cost to repair or replace an insured building, "but not more than the least of the following amounts: **(1)** [t]he limit of liability under [the] policy that applies to the building; **(2)** [t]he replacement cost of that part of the building damaged with material of like kind and quality and for like use; or **(3)** [t]he necessary amount actually spent to repair or replace the damaged building." That provision further states that defendant "will pay no more than the actual cash value of the damage until actual repair or replacement is complete." Another provision in the policy states that "[n]o action can be brought against [defendant] unless there has been full compliance with all of the terms under [the Conditions] Section . . .

of [the] policy and the action is started within two years after the date of loss."

With respect to that part of the motion to dismiss the first cause of action based on documentary evidence, defendant was required to demonstrate "that the documentary evidence conclusively refutes plaintiff's . . . allegations" (*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591). Defendant contends that plaintiff's failure to complete the conditions precedent for the payment of replacement cost proceeds, i.e., full reconstruction of the home, conclusively refutes plaintiff's allegation that defendant has refused to acknowledge its obligations pursuant to the policy. We reject that contention inasmuch as plaintiff does not seek immediate payment of the replacement cost of his home (*see generally id.* at 590-591). Contrary to the further contention of defendant, it failed to submit any evidence establishing that plaintiff failed to provide defendant with timely notice that he intended to make a claim for the replacement cost of his home.

With respect to that part of its motion to dismiss the first cause of action for failure to state a cause of action, defendant contends that the contractual two-year limitations period expired before plaintiff completed all of the repairs to his home. We reject that contention. "[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (*White v Continental Cas. Co.*, 9 NY3d 264, 267) and, here, the plain language of the Loss Settlement provision of the policy does not impose any time limit on the reconstruction of the home. Contrary to defendant's contention, the contractual provision imposing a two-year limitation on legal action does not impose a time limit on reconstruction.

We further conclude that the court properly denied that part of defendant's motion to dismiss the second cause of action for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Contrary to defendant's contention, plaintiff has "alleged facts that could give rise to a cause of action for breach of contract based upon a breach of the covenant of good faith and fair dealing" (*Millers Wood Dev. Corp. v HSBC Bank USA*, 300 AD2d 1015, 1017; *see generally New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 319-320; *Medina v State Farm Mut. Auto. Ins. Co.*, 303 AD2d 987, 989).

All concur except PERADOTTO, J., who dissents and votes to reverse in accordance with the following Memorandum: I respectfully dissent because I agree with defendant that Supreme Court erred in denying its motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Plaintiff commenced this action seeking, inter alia, a declaration that defendant is "obligated to perform its obligation under the [homeowners' insurance p]olicy" that it issued to plaintiff. According to plaintiff, defendant was obligated to provide coverage with respect to the reconstruction of plaintiff's residence, which was destroyed by fire. The Loss Settlement provision of the policy states that defendant will pay the cost to repair or replace an insured building, "but not more than the least of the following amounts: **(1)** [t]he limit of liability under [the] policy that applies to the

building; **(2)** [t]he replacement cost of that part of the building damaged with material of like kind and quality and for like use; or **(3)** [t]he necessary amount actually spent to repair or replace the damaged building."  That provision further states that defendant "will pay no more than the actual cash value of the damage *until actual repair or replacement is complete*" (emphasis added).  Another provision in the policy states that "[n]o action can be brought against [defendant] unless there has been full compliance with all of the terms under [the Conditions] Section . . . of [the] policy *and the action is started within two years after the date of loss*" (emphasis added).

"A declaratory judgment action is appropriate only when there is a substantial legal controversy between the parties that may be resolved by a declaration of the parties' legal rights" (*Rice v Cayuga-Onondaga Healthcare Plan*, 190 AD2d 330, 333).  Here, it is undisputed that plaintiff has not completed the repair or reconstruction of his residence, and thus the policy's replacement cost coverage has not yet been triggered.  "Replacement cost coverage inherently requires a replacement (a substitute structure for the insured) and costs (expenses incurred by the insured in obtaining the replacement); without them, the replacement cost provision becomes a mere wager" (*Harrington v Amica Mut. Ins. Co.*, 223 AD2d 222, 228, *lv denied* 89 NY2d 808).  Thus, in my view, the issue whether defendant has failed or refused to perform its obligations under the replacement cost provision of the policy is not ripe for our review, and it would be "merely advisory" to grant the declaratory relief sought by plaintiff (*New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531; *see generally Matter of Town of Riverhead v Central Pine Barrens Joint Planning & Policy Commn.*, 71 AD3d 679, 680-681).

I further conclude that the second cause of action, for defendant's bad faith in refusing to waive the two-year contractual limitations period, "should have been dismissed because [plaintiff does] not allege conduct by defendant constituting the requisite 'gross disregard of the insured's interests' necessary to support such [a] cause[] of action" (*Cooper v New York Cent. Mut. Fire Ins. Co.*, 72 AD3d 1556, 1557).  I would therefore reverse the order, grant defendant's motion and dismiss the complaint.

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court