12-1470-cv
Executive Plaza, LLC v. Peerless Ins. Co.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2012

(Argued: February 20, 2013    Decided: May 23, 2013)

Docket No. 12-1470-cv

_____

EXECUTIVE PLAZA, LLC,

*Plaintiff-Appellant*,

v.

PEERLESS INSURANCE COMPANY,

*Defendant-Appellee*.

_____

Before:

WINTER, CHIN, and DRONEY, *Circuit Judges*.

_____

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) dismissing with prejudice plaintiff-appellant's complaint seeking, pursuant to an insurance policy, indemnification for property loss caused by fire.

QUESTION CERTIFIED.

_____

DAVID TOLCHIN, Jaroslawicz & Jaros LLC, New
York, New York, *for Plaintiff-
Appellant*.

SCOTT D. STORM, Mura & Storm, PLLC,
Buffalo, New York, *for Defendant-
Appellee*.

_____

CHIN, *Circuit Judge*:

This case asks us to consider the interplay between two provisions in a fire insurance policy. One requires the insured to file suit on the policy within two years. The second requires the insured, when seeking replacement costs, to replace the damaged property *before* bringing suit, and to complete the replacement work "as soon as reasonably possible." What happens to insured property that cannot reasonably be replaced within two years? As New York case law does not clearly resolve the question raised by this appeal, we conclude that certification to the New York State Court of Appeals is appropriate.

## BACKGROUND

**A.** *The Facts*

The facts relevant to this appeal are not in dispute. Plaintiff-appellant Executive Plaza, LLC ("Executive") owns a building insured at all relevant times by defendant-appellee Peerless Insurance Co. ("Peerless"). The property was insured by a policy providing up to $1 million of coverage (the "Policy"). On February 23, 2007, a fire destroyed the building. Executive promptly notified Peerless of the damage. Within days, Executive had retained both an architect and a construction company. By July 2007, Peerless had paid Executive the actual cash value of the property, $757,812.50, less certain adjustments.

In the years after the building was originally erected, zoning laws had changed. To rebuild, Executive needed a variance and other forms of consent from local governmental entities. Despite first submitting its application for review in June 2007, a final building permit was not granted until November 2008, seventeen

months later.  By October 2010, Executive had "substantially replaced" the property.

Two Policy provisions are the focus of this appeal.  First, section E.4 required Executive to file suit to recover unpaid losses within two years of the fire:

> No one may bring a legal action against us under this insurance unless:
>
> > a.  There has been full compliance with all of the terms of this insurance; and
> >
> > b.  The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

Second, section E.6 of the Policy provided that Peerless would pay either the actual cash value or the replacement cost of the property, up to the policy limit.  It further provided that an insured could first receive the actual cash value of the property and then later seek the replacement cost.  If, however, an insured sought the replacement cost, section E.6(d)(1)(b) imposed two additional caveats:

> (b)  We will not pay on a replacement cost basis for any loss or damage:
>
> > (i)  Until the lost or damaged property is actually repaired or replaced; and

-4-

(ii) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

## B.  *Procedural History*

On February 23, 2009, before it had completed rebuilding the property but within the two-year limitations period, Executive filed suit in New York State Supreme Court, Nassau County, to recover replacement costs under the Policy.  Peerless removed the case to the Eastern District of New York on diversity grounds (the "First Action").  As construction on the property had not yet been completed, the district court (Wexler, *J.*) dismissed the claim as not yet ripe.  Executive did not appeal this decision.

After having substantially replaced the property, on October 5, 2010, more than two years after the loss, Executive sent Peerless a demand letter to recover an additional $242,087.50 (the replacement cost permitted by the Policy, less what Peerless had already paid).  Peerless rejected the demand.  Executive filed suit in New York State Supreme Court, Nassau County, and Peerless again

removed the action to the Eastern District of New York on diversity grounds (the "Second Action").  The district court below (Seybert, *J.*) dismissed the Second Action as time-barred.  This appeal followed.

## DISCUSSION

Peerless argues that "full compliance" with the terms of the Policy, *see* Policy § E.4, requires that Executive both (1) rebuild the property "as soon as reasonably possible" but also (2) before the two-year limitations period for filing suit.  By contrast, Executive contends that it defies logic to require an insured to fully rebuild an insured property before filing a claim *and* to bring suit within two years when rebuilding the property within two years is not reasonably possible.  For the reasons that follow, we conclude that certification to the New York State Court of Appeals is appropriate.  *See Country Wide Ins. Co. v. Nat'l R.R. Passenger Corp.*, 407 F.3d 84, 85-86 (2d Cir. 2005).

## A.   *Applicable Law*

Under Second Circuit Local Rule 27.2, we may "certify a question of state law to that state's highest

court." Local R. 27.2(a); *see also* N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a) (allowing courts to certify "determinative questions of New York law . . . for which no controlling precedent of the Court of Appeals exists"). Our decision to certify is made after considering three questions:

> (1) whether the New York Court of Appeals has addressed the issue and, if not, whether the decisions of other New York courts permit us to predict how the Court of Appeals would resolve it; (2) whether the question is of importance to the state and may require value judgments and public policy choices; and (3) whether the certified question is determinative of a claim before us.

*Osterweil v. Bartlett*, 706 F.3d 139, 142 (2d Cir. 2013) (quoting *Barenboim v. Starbucks Corp.*, 698 F.3d 104, 109 (2d Cir. 2012)).

## B. *Application*

First, we note that the New York State Court of Appeals has not resolved this question. It has interpreted the suit limitations provision alone, *see* Blitman Const. Corp. v. Ins. Co. of N. Am., 66 N.Y.2d 820, 822 (1985) (twelve-month suit limitations clauses was enforceable); Proc v. Home Ins. Co., 17 N.Y.2d 239, 243-46 (1966)

-7-

(holding that limitations period begins to run on date of fire), but never the replacement cost provision.[1]  More importantly, however, no controlling precedent interprets the suit limitations clause in light of the replacement cost provision.

While we may "predict what the New York Court of Appeals will do from the decisions of other New York courts," *see Osterweil*, 706 F.3d at 143 (quoting *Barenboim*, 698 F.3d at 109) (internal quotation marks and emphasis omitted), the few courts to have read the provisions together have reached different conclusions.  *Compare Bakos v. N.Y. Cent. Mut. Fire Ins. Co.*, 920 N.Y.S.2d 552, 554 (4th Dep't 2011) (mem.) (denying insurer's motion to dismiss because replacement cost provision was not

---

[1]     Based, however, on unanimous authority from the appellate division, we acknowledge that actual repair of the property is a condition precedent to recovering on a replacement cost basis.  *See, e.g.*, *Todd v. Wayne Coop. Ins. Co.*, 819 N.Y.S.2d 179, 180 (3d Dep't 2006) ("Under the terms thereof, replacement cost value cannot be awarded without plaintiff first actually repairing or replacing the property."); *Harrington v. Amica Mut. Ins. Co.*, 645 N.Y.S.2d 221, 225 (4th Dep't 1996) (absent a repair requirement, the replacement cost provision becomes a "mere wager"); *Ferrara v. Ins. Co. of N. Am.*, 521 N.Y.S.2d 668 (1st Dep't 1987) (mem.) ("unambiguous" replacement cost provision requires that repairs be made before indemnification).

-8-

circumscribed by a temporal limitation), *with Il Cambio, Inc. v. U.S. Fid. & Guar. Co.*, 920 N.Y.S.2d 305, 305-06 (1st Dep't 2011) (insured barred from asserting a replacement cost claim when it had not rebuilt insured property and because complaint was barred by two-year limitations period). Hence, we conclude that the cases available provide little predictive value as to how the Court of Appeals would resolve this issue. *Cf. Amerex Grp., Inc. v. Lexington Ins. Co.*, 678 F.3d 193, 200 (2d Cir. 2012) (where precedents can sufficiently support a determination, we need not certify).

Second, the question certified implicates important matters of state law. These include identifying the contours of property insurance policies, *see Georgitsi Realty, LLC v. Penn-Star Ins. Co.*, 702 F.3d 152, 158-59 (2d Cir. 2012), and the state's "strong interest in supervising highly regulated industries," *Benesowitz v. Metro. Life Ins. Co.*, 471 F.3d 348, 352 (2d Cir. 2006); *see also Golden v. Winjohn Taxi Corp.*, 311 F.3d 513, 524 (2d Cir. 2002) (interpreting insurance relationships in the highly-regulated taxicab industry). Moreover, the policy here

-9-

insures against fire-related losses, and the legislature's codification of a standard fire insurance policy -- creating a floor for fire insurance coverage throughout New York State -- underscores its concern for coverage in this field. N.Y. Ins. Law. § 3404(e), (f)(1)(A); *see also Dean v. Tower Ins. Co. of N.Y.*, 19 N.Y.3d 704, 709 (2012). State courts, we believe, are better equipped to consider the ramifications of these issues.

Third, the question we certify is purely legal, and an answer would resolve this appeal. If the Court of Appeals were to decide that the suit limitations clause and the replacement value provision, read together, were unenforceable as a matter of public policy, then we would be obliged to remand to the district court to determine whether Executive rebuilt the insured property "as soon as reasonably possible." Policy § E.6(d)(1)(b); *cf. Bersani v. Gen. Accident Fire & Life Assurance Corp.*, 36 N.Y.2d 457, 460 (1975) (agreements that violate public policy are unenforceable). If, however, the Court of Appeals were to decide that, read together, the provisions raise no such concerns and unambiguously require that an insured property

-10-

be rebuilt within a reasonable time that in no event exceeds two years, then Executive's claim would be foreclosed. Finally, the Court of Appeals may conclude that the suit limitations clause and the replacement cost provision, read together, create an ambiguity. Depending on whether (and, if so, how) the court resolves the ambiguity, we would remand for further proceedings in the district court or decide the appeal, as appropriate.

*CONCLUSION*

Accordingly, we reserve decision and respectfully certify the following question to the New York State Court of Appeals:

If a fire insurance policy contains

> (1) a provision allowing reimbursement of replacement costs only after the property was replaced and requiring the property to be replaced "as soon as reasonably possible after the loss"; and
>
> (2) a provision requiring an insured to bring suit within two years after the loss;
>
> is an insured covered for replacement costs if the insured property cannot reasonably be replaced within two years?

-11-

We invite the New York State Court of Appeals to expand or reformulate the certified question as it deems appropriate. This panel retains jurisdiction and will consider any issues that remain on appeal after the New York State Court of Appeals has either offered its guidance or declined certification.

### *CERTIFICATE*

The following question is hereby certified to the Court of Appeals of the State of New York pursuant to Second Circuit Local Rule 27.2 and New York Codes, Rules, and Regulations, Title 22, § 500.27(a), as ordered by the United States Court of Appeals for the Second Circuit:

If a fire insurance policy contains

(1) a provision allowing reimbursement of replacement costs only after the property was replaced and requiring the property to be replaced "as soon as reasonably possible after the loss"; and

(2) a provision requiring an insured to bring suit within two years after the loss;

is an insured covered for replacement costs if the insured property cannot reasonably be replaced within two years?