■ SOLTEX THREAD CO., INC., Respondent, v RUEFF BROS., INC., et al., Respondents, and GREAT AMERICAN SURPLUS LINES INSURANCE COMPANY, Appellant and Third-Party Plaintiff, et al., Third-Party Defendant. — Order, Supreme Court, New York County (McQuillan, J.), entered October 10, 1984, denying the motion of defendant and third-party plaintiff Great American Surplus Lines Insurance Company for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted.

In this action to recover $393,530.40 from various defendants for water damage sustained between September 29 and October 1, 1981, plaintiff seeks $46,765.20 in damages from Great American, which insured it under a "Difference in Conditions" policy providing coverage for, *inter alia,* loss from backing up of sewers and drains and broken water mains. The action was commenced against Great American on December 18, 1982, 14½ months after the loss. Great American's policy contains a provision that suit on the policy must be commenced within 12 months after the loss. Its answer asserted the failure timely to commence this action as one of its eight affirmative defenses. After taking pretrial discovery, Great American moved for summary judgment dismissing the complaint on the basis of this affirmative defense. Special Term denied the motion, finding an issue of fact as to whether Great American had waived the policy's 12-month limitation or was estopped from asserting it. We reverse and grant the motion.

In finding a factual issue on the question of waiver and estoppel, Special Term relied on Great American's activities in conducting discovery after the commencement of the action. This, of course, was error. An insurer's litigation conduct cannot constitute a waiver of a properly asserted time-bar defense. Were the rule otherwise, an insurer would be penalized for defending itself in the lawsuit. Nor can such conduct be construed as an estoppel since the time bar has already run and the insured can no longer be lulled into inactivity.

It is undisputed that Great American did not have any communications, settlement or otherwise, with plaintiff between the date of loss and the date suit was commenced. In such circumstances there can be no waiver. Nor could plaintiff have been misled or lulled into inactivity by Great American's conduct. (*See, Fotochrome, Inc. v American Ins. Co.,* 26 AD2d 634, *affd* 23

NY2d 889; *Kaufman v Republic Ins. Co.*, 35 NY2d 867, *affg* 42 AD2d 995; *Proc v Home Ins. Co.*, 17 NY2d 239; *Rosenthal v Reliance Ins. Co.*, 25 AD2d 860; *cf. Albino Linoleum & Carpet Serv. v Utica Fire Ins. Co.*, 33 AD2d 638.) The complaint is dismissed. Concur — Sullivan, J. P., Ross, Bloom, Kassal and Ellerin, JJ.