OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, defendant’s motion for summary judgment granted and the certified question answered in the negative.
Plaintiff does not, as indeed it could not, suggest that the 12-month limitation period of the policy is invalid (Kassner & Co. v City of New York, 46 NY2d 544, 551; see, Insurance Law § 3404, lines 157-161). It argues rather that, by reserving to itself 12 months to investigate, the carrier made it "illogical” and "commercially unreasonable” for it to institute action while the carrier was still investigating. The short answer is that there is no inconsistency between the two clauses, for an insured is bound by the terms of the contract whether read or not (Pimpinello v Swift & Co., 253 NY 159) and can protect itself by either beginning an action before expiration of the limitation period or obtaining from the carrier a waiver or extension of its provision.
Nor is there here a triable issue concerning waiver or estoppel. It is not claimed that the carrier waived by any act prior to expiration of the 12-month period and everything done thereafter was done after execution by plaintiff of a nonwaiver agreement. The validity of such agreements has long been recognized (Proc v Home Ins. Co., 17 NY2d 239; see, C.F.C. Realty Corp. v Empire Fire & Mar. Ins. Co., 110 AD2d 508; Soltex Thread Co. v Rueff Bros., 111 AD2d 84). That the nonwaiver agreement referred not only to the insurer but also said that "the INSURED does not waive any rights under any policy or binder upon which a claim is based” cannot have *823 misled plaintiff as to the limitation provision which had already expired. The same is true of the statement in the cover letter accompanying the agreement that the request for its execution was "without prejudice to any rights which may have heretofore accrued to your corporation”. The prejudice to plaintiff’s rights results from its failure to institute action prior to expiration of the 12-month limitation period, not from its execution thereafter of the nonwaiver agreement.
Plaintiff is on no stronger ground with respect to estoppel. It was the carrier which some 10 months after the loss called plaintiff’s attention to the necessity of filing a claim. Its request for further documentation made thereafter and prior to expiration of the limitation period cannot have misled plaintiff to its prejudice (Kaufman v Republic Ins. Co., 35 NY2d 867; Proc v Home Ins. Co., supra; Fotochrome v American Ins. Co., 23 NY2d 889, affg 26 AD2d 634; Duke Plastics Corp. v New York Prop. Ins. Underwriting Assn., 86 AD2d 818; Graziane v Firemen’s Ins. Co., 63 AD2d 1087; Dubins v Boston Ins. Co., 26 AD2d 863; cf. Frank Corp. v Federal Ins. Co., 91 AD2d 31), and the holding of an oral examination after expiration of that period, even though that was some trouble and expense for plaintiff (cf. Frank Corp. v Federal Ins. Co., supra, at p 35), cannot be the predicate for estoppel in view of the nonwaiver agreement.
In final analysis plaintiff’s problem arises from failure to read the policy after its claim accrued and thus become aware of the 12-month limitation period. Although that lack of knowledge does not foreclose reliance on estoppel (Pasmear Inn v General Acc. Fire & Life Assur. Corp., 44 AD2d 647), neither was the carrier obligated to call plaintiff’s attention to the policy provisions (Proc v Home Ins. Co., 17 NY2d 239, 245, supra). Thus, the carrier did more than it was required to do in alerting plaintiff, two months before limitations ran, to the necessity for action on its part, and did nothing thereafter upon which an estoppel could be based (Soltex Thread Co. v Rueff Bros., 111 AD2d 84, supra; Skylark Enters. v American Cent. Ins. Co., 13 AD2d 707).
Chief Judge Wachtler and Judges Jasen, Meyer, Kaye, Alexander and Titone concur in memorandum; Judge Simons taking no part.
Order reversed, etc.