■ WILLIAM BROWN, Respondent, v ROYAL INSURANCE COMPANY OF AMERICA, Appellant, et al., Defendants. [620 NYS2d 379] —In an action to recover under an insurance policy, the defendant Royal Insurance Company of America appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated July 28, 1993, as denied the branch of its motion which was for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

We find that the Supreme Court erred in denying the appellant's motion for summary judgment dismissing the complaint insofar as it is asserted against it. The appellant demonstrated its entitlement to summary judgment by submitting evidence that the suit was brought beyond the one-year limitation period as provided in the insurance policy.

Additionally, the plaintiff's contention that the appellant had waived the time limitation by its own delay in investigating the claim is meritless. Delay by the insurance carrier in completing its investigation of the claim does not excuse the plaintiff from timely commencing an action, since he or she is bound by the terms of the contract to either commence an action prior to the expiration of the limitations period or obtain a waiver or extension of such provision *(see, Blitman Constr. Corp. v Insurance Co.*, 66 NY2d 820, 822; *Meyers, Smith & Granady v New York Prop. Ins. Underwriting Assn.*, 201 AD2d 312, 313; *Carat Diamond Corp. v Underwriters at Lloyd's*, 123 AD2d 544, 547; *Fotochrome, Inc. v American Ins. Co.*, 26 AD2d 634, *affd* 23 NY2d 889). The plaintiff's contention is especially meritless in light of the evidence that his failure to supply the appellant with executed transcripts of his examination under oath caused substantial delay in the appellant's investigation of the claim *(see, Meyers, Smith & Granady v New York Prop. Ins. Underwriting Assn., supra; Carat Diamond Corp. v Underwriters at Lloyd's, supra)*. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.