■ ANDREW COSTELLO et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [646 NYS2d 695] —In an action to recover the proceeds of a property insurance policy following a fire loss, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated July 18, 1995, which, *inter alia,* granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On September 2, 1992, a fire occurred at the insured premises. The defendant, Allstate Insurance Company (hereinafter Allstate), refused to pay, on the ground that the loss was not covered. The plaintiffs commenced this action, seeking damages in the amount of its loss, after 24 months from the date of the fire. The Supreme Court dismissed the complaint as time-barred. We affirm.

There is no merit to the plaintiffs' contention that the words "date of loss" appearing in their policy are ambiguous, or mean anything different than the words "after inception of the loss" appearing in Insurance Law § 3404. Both phrases have consistently been held to refer to the date of the catastrophe insured against, and *not* to the accrual date of the plaintiffs' claim against Allstate for failure to pay (*see, e.g., Myers, Smith & Granady v New York Prop. Ins. Underwriting Assn.,* 85 NY2d 832; *Proc v Home Ins. Co.,* 17 NY2d 239; *Soltex Thread Co. v Rueff Bros.,* 111 AD2d 84). Accordingly, the plaintiffs' action was properly dismissed as time-barred.

The plaintiffs' remaining contention is unpreserved for appellate review and, in any event, without merit. O'Brien, J. P., Sullivan, Joy and McGinity, JJ., concur.