■ CARNEGIE HILL 90TH STREET, INC., Appellant, v GREATER NEW YORK MUTUAL INSURANCE Co., Respondent. [706 NYS2d

417] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered June 21, 1999, which to the extent appealed from as limited by the brief, granted defendant's motion to dismiss plaintiff's first four causes of action as barred by a two-year contractually established limitations period, unanimously affirmed, without costs.

Plaintiff has not offered evidence from which a clear manifestation of intent by defendant to relinquish the protection of the limitations period set forth in the parties' contract of insurance can be reasonably inferred (*see, Carat Diamond Corp. v Underwriters at Lloyd's*, 123 AD2d 544). Nor is there evidence that defendant, by its conduct, lulled plaintiff into sleeping on its rights under the subject insurance policy (*see, Kaufman v Republic Ins. Co.*, 35 NY2d 867). For the entire 2½ year period during which the parties negotiated, the amount of damages sustained by plaintiff in the fire at its premises remained in dispute and defendant never relinquished its contention that plaintiff had submitted and was persisting in the assertion of a fraudulently exaggerated claim, and never offered more than $181,905 to settle the claim, which plaintiff found unacceptable. Clearly, defendant's actions could not have lulled plaintiff into the belief that litigation would be unnecessary for it to collect the amount it sought under the subject policy. Since the record does not support a finding that defendant waived reliance on the contractually established limitations period or that defendant should be estopped from such reliance, the motion court properly dismissed the first four causes of action as untimely.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Williams, Rubin and Buckley, JJ.