■ COMPIS SERVICES, INC., Appellant, v HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, Respondent. (Ap-

peal No. 1.) [708 NYS2d 770] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced separate actions, one in November 1997 (appeal No. 1) and the other in July 1998 (appeal No. 2), to recover under insurance policies for losses incurred in March 1993. Supreme Court properly granted each defendant's motion for summary judgment dismissing the complaint as untimely. Defendants met their initial burden of establishing that the actions were not commenced within two years of the loss as required by each policy (*see, Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967-968), and plaintiff failed to raise a triable issue of fact.

With respect to defendant, The Hartford Steam Boiler Inspection and Insurance Company (Hartford Steam), plaintiff contends that there is an issue of fact on its claims of waiver and/or estoppel based upon Hartford Steam's delay in disclaiming coverage, offer of settlement and failure to advise plaintiff of the limitations period. The delay in disclaiming coverage, however, was attributable to Hartford Steam's investigation of plaintiff's claim, and "[d]elay by the insurance carrier in completing its investigation of the claim does not excuse the plaintiff from timely commencing an action, since he or she is bound by the terms of the contract to either commence an action prior to the expiration of the limitations period or obtain a waiver or extension of such provision" (*Brown v Royal Ins. Co.*, 210 AD2d 279). Further, contrary to plaintiff's contention, "[e]vidence of communications or settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel" (*Gilbert Frank Corp. v Federal Ins. Co., supra*, at 968). Finally, Hartford Steam had no duty to advise plaintiff of the limitations period. A "carrier [is not] obligated to call plaintiff's attention to the policy provisions" (*Blitman Constr. Corp. v Insurance Co.*, 66 NY2d 820, 823; *see, Schunk v New York Cent. Mut. Fire Ins. Co.*, 237 AD2d 913, 914; *May v Aetna Life & Cas. Co.*, 204 AD2d 1007). In any event, Hartford Steam conducted its investigation and entered into settlement negotiations "under a full reservation of rights," and thus a waiver or estoppel may not be inferred therefrom (*see, Culinary Inst. v Aetna Cas. & Sur. Co.*, 151 AD2d 638, 638-639).

Plaintiff also contends that there is an issue of fact concerning its claims of waiver and/or estoppel with respect to defendant, ITT Hartford Insurance Company, Inc. (ITT). We disagree. Regardless of what happened prior to August 25, 1995, plaintiff acknowledged on that date that "both parties retain

all of their respective legal rights under the terms and conditions of the said policy." Nearly three years then elapsed before plaintiff commenced its action. For that three-year period, plaintiff "offers no evidence from which a clear manifestation of intent by [ITT] to relinquish the protection of the contractual limitations period could be reasonably inferred * * * Nor do the facts show that [ITT], by its conduct, otherwise lulled plaintiff into sleeping on its rights under the insurance contract" (*Gilbert Frank Corp. v Federal Ins. Co., supra,* at 968). (Appeal from Order of Supreme Court, Onondaga County, Elliott, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Wisner and Scudder, JJ.