■ GRUMMAN CORPORATION, Appellant, v TRAVELERS INDEMNITY COMPANY, Respondent. [733 NYS2d 464] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered May 12, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant established prima facie that the action was barred by the two-year limitation period contained in the insurance policy issued to the plaintiff (*see, Gongolewski v Travelers Ins. Co.,* 252 AD2d 569). The plaintiff did not meet its burden of demonstrating the existence of any triable issue of fact. Subsequent to the expiration of the contractual limitation

period, the defendant continued to investigate the plaintiff's claim. Eventually, the plaintiff was offered $100,000 to settle the claim, an offer it rejected. The defendant set forth its full reservation of rights throughout its investigation of the claim.

An insured is bound by the terms of the contract and can protect itself by "either beginning an action before expiration of the limitation period or obtaining from the carrier a waiver or extension" (*Blitman Constr. Corp. v Insurance Co.,* 66 NY2d 820, 822). However, investigation of a claim by an insurance company does not constitute a waiver of its limitations defense (*see, Blitman Constr. Corp. v Insurance Co., supra,* at 822). Nor do the facts here show that the defendant, by its conduct, otherwise lulled the plaintiff into sleeping on its rights under the insurance policy because it offered to settle the claim. "Evidence of communications or settlement negotiations between an insured and its insurer" before or after expiration of the limitations period set forth in a policy, standing alone, is not sufficient evidence to establish estoppel (*Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.