■ WILLIAM P. ENRIGHT et al., Respondents, v NATIONWIDE INSURANCE, Appellant. (Appeal No. 1.) [743 NYS2d 914] —Appeal from an order of Supreme Court, Erie County (NeMoyer, J.), entered December 28, 2000, which denied defendant's motion for summary judgment.

■ WILLIAM P. ENRIGHT et al., Respondents, v NATIONWIDE INSURANCE, Appellant. (Appeal No. 2.) [743 NYS2d 786] —Appeal from those parts of an order of Supreme Court, Erie County (NeMoyer, J.), entered August 23, 2001, that, inter alia, denied in part defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendant's motion for summary judgment in its entirety and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs, who purchased homeowner's insurance from defendant, discovered upon returning home from a vacation on March 12, 1996 that their water pipes had burst. The next day, they notified defendant of the incident, and defendant sent a general contractor to plaintiffs' home to inspect the damage. According to plaintiffs, defendant authorized them to proceed with repairs and to submit the receipts for payment. Plaintiffs thereafter submitted the final receipts for the repairs, and defendant denied payment in September 1999. Plaintiffs commenced this action in March 2000, and defendant moved for summary judgment dismissing the complaint on the ground that the action was not timely commenced and, alternatively, sought summary judgment dismissing the third cause of action alleging that defendant breached the contract in bad faith. Supreme Court initially denied the motion in its entirety but, upon defendant's motion for reargument and renewal, the court granted reargument and granted that part of defendant's motion seeking summary judgment dismissing the third cause of

action. We conclude that the court should have granted defendant's motion for summary judgment in its entirety and dismissed the complaint.

Defendant met its initial burden on the motion by establishing that plaintiffs commenced this action after the two-year limitations period in the policy had expired (*see Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967-968; *Compis Servs. v Hartford Steam Boiler Inspection & Ins. Co.,* 272 AD2d 886, 887). In opposition to the motion, plaintiffs failed to raise an issue of fact concerning the applicability of the defenses of waiver or estoppel. Waiver is the intentional relinquishment of a known right (*see Gilbert Frank Corp.,* 70 NY2d at 968). Here, plaintiffs failed to establish "a clear manifestation of intent by defendant to relinquish the protection of the contractual limitations period" (*id.; see Blitman Constr. Corp. v Insurance Co. of N. Am.,* 66 NY2d 820, 822-823). To establish the applicability of estoppel, plaintiffs had to establish that defendant, by its conduct, lulled plaintiffs into sleeping on their rights (*see Gilbert Frank Corp.,* 70 NY2d at 968; *Procco v Kennedy,* 88 AD2d 761, 761, *affd* 58 NY2d 804). According to William P. Enright (plaintiff), he explained to representatives of defendant insurer that certain family members were very ill and that he did not have the time to complete the repairs, and those representatives assured him that he could "take [his] time" in repairing the property and submitting receipts for payment. Plaintiff, however, admitted receiving a letter from a representative of defendant in December 1997 advising him of the limitations period and advising him to submit his claim before the limitations period expired or payment could not be issued. It thus cannot be said that defendant lulled plaintiffs into sleeping on their rights (*see Blitman Constr. Corp.,* 66 NY2d at 823; *see also Gongolewski v Travelers Ins. Co.,* 252 AD2d 569, 570). Plaintiffs further contend in support of their estoppel defense that they submitted some receipts before the limitations period expired, but they never received payment. Plaintiffs contend that they postponed commencing this action because they were waiting to see if they would be paid, and thus defendant should be estopped from relying on the limitations period in the policy. To protect their rights under the policy, plaintiffs should have commenced this action before the limitations period expired or obtained a waiver from defendant of that provision in the contract (*see Blitman Constr. Corp.,* 66 NY2d at 822; *Grumman Corp. v Travelers Indem. Co.,* 288 AD2d 344, 345). Finally, we reject plaintiffs' contention that defendant's motion should have been denied as premature. Present—Pigott, Jr., P.J., Pine, Hayes, Wisner and Hurlbutt, JJ.