■ THE BEEKMAN REGENT CONDOMINIUM ASSOCIATION et al., Appellants, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Respondent. [845 NYS2d 38]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered March 19, 2007, which granted defendant's motion to dismiss the action as time-barred by a two-year contractual limitations period, unanimously affirmed, with costs.

Defendant insurer conclusively established a defense to the asserted claims as a matter of law by submitting documentary evidence (see CPLR 3211 [a] [1]) that the policy contains a two-year limitations period and that plaintiffs' action was commenced after the expiration of that period (see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967 [1988]; Blitman Constr. Corp. v Insurance Co. of N. Am., 66 NY2d 820, 823 [1985]). Plaintiffs' contention that they were unaware of the contractual limitations clause because of the length of the policy is insufficient to raise a factual issue as to the applicability of the contractual limitations period, since "an insured has an obligation to read his or her policy and is presumed to have consented to its terms" (Katz v American Mayflower Life Ins. Co. of N.Y., 14 AD3d 195, 198 [2004], affd 5 NY3d 561 [2005]). Defendant was under no obligation to call plaintiffs' attention to the limitations clause (Blitman, 66 NY2d at 823), and the insurer's participation in settlement negotiations "either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel" (Gilbert Frank, 70 NY2d at 968; see also Carnegie Hill 90th St. v Greater N.Y. Mut. Ins. Co., 271 AD3d 333 [2000]).

We have considered and rejected plaintiffs' remaining claims. Concur—Mazzarelli, J.P., Marlow, Williams, Catterson and Kavanagh, JJ.