OPINION OF THE COURT
Richard M. Platkin, J.
Plaintiff Albany Medical Center moves for summary judgment in this action brought to recover benefits allegedly due under an excess insurance policy. Defendant Allianz Life Insurance of New York (formerly known as Preferred Life Insurance Company of New York) cross-moves for summary judgment dismissing the complaint.
Background
In 1994, Albany Medical Center (AMC) purchased a policy of insurance entitled Excess Risk Insurance Policy from defendant (the insurer). Pursuant to the policy, the insurer agreed to reimburse AMC for medical expenses exceeding $100,000 in any one year paid on behalf of a covered employee or dependent under its self-funded health care plan.
Stephen Robinson started employment at AMC in January 1994. Approximately one year later, he enrolled in AMC’s health and dental insurance plan on an individual basis. On January 30, 1997, Mr. Robinson’s wife, who was employed by Fleet Financial at the time, gave birth to their daughter. On April 22, 1997, Mrs. Robinson left employment with Fleet.
Initially, Mrs. Robinson elected to continue family health insurance coverage under the provisions of the Consolidated Omnibus Budget Reconciliation Act (COBRA). However, she terminated such coverage on July 31, 1997. On or about that time, Mr. Robinson applied to change his enrollment in the plan from individual to family coverage. The AMC plan administrator approved the change.
Following Mr. Robinson’s change to family medical coverage, his daughter received extensive medical treatment for a serious illness, which continued through her death on December 9, 1997. The Robinsons incurred $804,476.58 in medical expenses for their daughter’s care during this period.
Pursuant to the plan, AMC paid these medical expenses and provided proof of loss and supporting documents to the insurer. On June 11, 1999, the insurer denied AMC’s claim, asserting *211 that a midyear change from individual coverage to family coverage was not authorized under the plan’s eligibility guidelines and was, therefore, not covered under the policy.
By summons and complaint filed June 7, 2002, AMC brought this action against the insurer to recover $704,476.58 plus interest. The insurer answered on July 15, 2002. Following discovery, the parties narrowed the issues in dispute to two: (1) whether AMC’s claim is barred by the policy’s three-year limitations period; and (2) whether AMC approved Mr. Robinson’s midyear application for family health coverage in accordance with the plan’s eligibility requirements.
The court now has before it the parties’ cross motions for summary judgment on these issues. Oral argument was held on January 3, 2008, and this decision and order follows. Contractual Limitations Period
Under New York law, an action on a contract must be commenced within six years (CPLR 213). However, the parties may agree in writing to a shorter period (CPLR 201).
The policy contains the following agreement regarding the commencement of an action against the insurer:
“LEGAL ACTION. No action at law or in equity shall be brought to recover on this Policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this Policy. No such action shall be brought after the expiration of 3 years after the time written proof of loss is required to be furnished.
“CONFORMITY WITH STATE STATUTES. If any time limitation of this Policy with respect to giving notice of claim or furnishing proof of loss or bringing action is less than that permitted by the law of the state in which the Policyholder resides, such limitation is hereby extended to agree with the minimum period permitted by such law.”
Pursuant to the policy, written proof of loss must be provided to the insurer “within twelve months from the end of that Policy Year.” The claims for reimbursement at issue here were incurred between August and December of 1997, and the applicable policy expired on December 31, 2007. Accordingly, AMC was required to furnish written proof of loss with respect to such claims by December 31, 1998.
The insurer contends that under the legal action clause of the policy, AMC was required to commence suit within three years *212 after the last date upon which to file written proof of loss. Accordingly, the insurer argues that this action is untimely insofar as it was not commenced by December 31, 2001.
In opposition, AMC relies on the conformity with state statutes clause (conformity clause), which it contends extends the three-year period established by the legal action clause to agree with the six-year statute of limitations provided by CPLR 213. On this basis, AMC contends that it had until December 31, 2004 in which to sue — well after the commencement date of this action.
The principles of New York law governing the interpretation of a contract are well settled. Whether an agreement is ambiguous is a question of law to be determined by the court (see Van Wagner Adv. Corp. v S & M Enters., 67 NY2d 186, 191 [1986]). The test of ambiguity is whether the language in question is “susceptible of two reasonable interpretations” (Essex Ins. Co. v Pingley, 41 AD3d 774, 776 [2d Dept 2007]). An insurance “policy must, of course, be construed in favor of the insured, and ambiguities, if any, are to be resolved in the insured’s favor and against the insurer” (United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232 [1986]).
While the relevant policy language cannot be said to be a model of drafting clarity, the court concludes that the conformity clause, read as a whole, is susceptible to only one reasonable construction: if state law does not permit the parties to agree to the three-year limitations period established by the legal action clause, then such period is extended to conform with the minimum period to which parties may agree. Since there is no dispute that CPLR 201 and applicable case law permitted the parties to agree to the policy’s three-year limitations period, the conformity clause therefore is inapplicable.
In reaching this conclusion, the court begins, as it must, with the plain language of the contract. The first step in applying the conformity clause is to determine whether the three-year limitation period provided by the legal action clause “is less than that permitted by the law of the state of [New York].” In such cases, the conformity clause extends the policy’s limitations period to agree with “the minimum period permitted by [New York] law.”
In arguing for application of the conformity clause, . AMC asserts that the policy’s three-year limitations period is less than the six years to sue “permitted” by CPLR 213. The insurer disagrees with this construction, contending that since the parties’ agreement to a three-year limitations period is “permit *213 ted” by New York law, the conformity clause is inapplicable. The insurer notes that courts interpreting CPLR 201 have upheld contractual limitations periods of one year or less with respect to similar claims (see e.g. Blitman Constr. Corp. v Insurance Co. of N. Am., 66 NY2d 820 [1985]).
If the court were to view the initial use of the term “permitted” in isolation, it would be inclined to conclude that the policy suffers from an ambiguity. The term “permitted” could be read, as AMC contends, in its sense of affording an opportunity, thus supporting its contention that the three-year period to sue under the policy is less than the six-year opportunity to sue permitted under CPLR 213. Alternatively, the term “permitted” could be understood, as the insurer contends, in its sense of whether something is allowed to be done (i.e., not proscribed), thus supporting the insurer’s argument that New York law permitted the parties to agree to the policy’s three-year limitations period.
The court cannot, however, construe the term “permitted” in the initial portion of the conformity clause in isolation from the remainder of the clause. “Particular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby” (Atwater & Co. v Panama R.R. Co., 246 NY 519, 524 [1927]). Thus, construction of the first portion of the clause, which asks whether the policy’s limitations period is less than that “permitted by the law of [New York],” must be informed by the latter portion of the clause, which establishes the consequence of such a determination: an extension of the policy’s limitations period “to agree with the minimum period permitted by such law” (emphasis added).
Reading the conformity clause as a whole, it is apparent that the initial inquiry is whether the policy’s three-year limitations period is less than the minimum period permitted for such agreements under New York law. If state law permits the parties to agree to the three-year limitations period established by the legal action clause, then the conformity clause is inapplicable. If three years is less than the minimum period permitted for such agreements, then the conformity clause extends the policy’s limitations period to conform with the minimum period to which parties may agree.
In any event, even if the proper construction of the initial portion of the conformity clause were doubtful, it would not help AMC’s cause. If the conformity clause were applicable, as AMC contends, the consequence would be to “extend[ ]” the *214 contractual period to agree with “the minimum period permitted by [the law of the state of New York].” Thus, to succeed in its argument that it has the benefit of a six-year period to sue, AMC necessarily must contend that six years is the minimum period permitted by New York law in which to commence a contract action.
The fundamental flaw in this argument, however, is that the six-year statute of limitations established by CPLR 213 is not the minimum period to sue on a contract; rather, six years is the maximum period in which suit can be commenced. As discussed, supra, CPLR 201 expressly allows for a shorter period, if agreed upon in writing. It is undisputed that New York law permitted the parties to agree to the policy’s three-year limitations period.
Nonetheless, AMC contends that in the absence of a statute establishing a minimum period to sue, the six-year maximum period also is the minimum period. In support of this contention, AMC relies on two subsidiary arguments: (1) CPLR 201 does not establish any minimum limitations period; and (2) the conformity clause looks only to the minimum period to sue established by statute and does not take cognizance of common-law restrictions on voluntary agreements to shorten the statute of limitations.
As an initial matter, AMC is correct that CPLR 201 does not expressly establish any particular minimum period in which to commence suit. It simply provides, in pertinent part, that parties may shorten the otherwise applicable statute of limitations by written agreement. However, it is well established that courts will not enforce an agreement under CPLR 201 that provides an unreasonably short period to sue (see e.g. Blitman, supra).
But even if the court were to confine itself to statute, as AMC urges, and conclude that there is no minimum period established by statute in which to bring suit, it does not support AMC’s position that the six-year maximum of CPLR 213 therefore becomes the minimum period to sue. Rather, AMC’s construction would result in the contractual limitations period being “extended” to agree with a nonexistent minimum period — an absurd result that further counsels against AMC’s construction.
In any event, the court disagrees with AMC’s contention that the conformity clause looks only to statutory minimum periods. In making this argument, AMC relies on the heading of the conformity clause, which is entitled “Conformity with *215 State Statutes.” AMC contends that this reference to state statutes precludes reliance on the common-law requirement of reasonableness. However, the text of the clause speaks to “the law of the state in which the Policyholder resides,” and thus by its terms includes all sources of law, including common law. Under these circumstances, the court concludes that the reference in the heading to conformity with state statutes cannot alter or limit the effect of the unambiguous language in the body of the clause itself. Thus, in considering whether the policy’s three-year period is permitted under New York law, the court can and should consider nonstatutory restraints on the enforceability of agreements to shorten the statute of limitations.
Viewing the text and structure of the legal action and conformity clauses as a whole, the court therefore concludes that the objective intention of the parties was to establish a three-year period in which suits against the insurer could be brought. In the event that applicable state law (including common-law restrictions) precluded the parties from agreeing to a limitations period as short as three years, the conformity clause ensures that the policy’s limitation period is extended to conform with the minimum period permitted for such agreements. The result is to provide the insurer with a uniform three-year limitations period in all states, except those that do not permit an insurer and insured to agree upon a period of three years to sue. In those states, and only those states, the contractual limitations period is extended to conform to the minimum period to which state law permits parties to agree.
In contrast, AMC’s construction of the policy would deny the insurer the benefit of a uniform limitations period, one of the evident purposes of the legal action clause. It would also render the legal action clause superfluous,* and transform the conformity clause, a savings clause, from the exception to the general rule. The court concludes that such a construction cannot be said to be reasonable.
Conclusion
Based on the foregoing, the court concludes that AMC was bound by the three-year period of limitations established by the legal action clause and that this action was not commenced *216 within such period. The court further concludes that the conformity clause is inapplicable to this action. Accordingly, the court must grant defendant’s motion for summary judgment dismissing the complaint. In view of the foregoing, the court need not reach the other issues presented by the parties’ motions.
Accordingly, it is ordered that defendant’s motion for summary judgment is hereby granted; and it is further ordered that plaintiffs motion for summary judgment is hereby denied; and it is further ordered that the complaint in this action is hereby dismissed.

 Under AMC’s construction, the three-year limitations period set forth in the legal action clause would be given effect only in states that have a limitations period for contract actions of less than three years. The court’s research does not disclose any states meeting this criterion.