SUMMARY ORDER
Plaintiff-Appellant New Image Roller Dome, Inc. (“New Image”) appeals from an order and judgment of the United States District Court for the Northern District of New York (McAvoy, J.), entered on November 27, 2007, granting the motion to dismiss the complaint filed by Defendant-Appellee Travelers Indemnity Co. of Illinois (“Travelers”). We assume the parties’ familiarity with the facts, the proceedings below, and the issues on appeal.
We review de novo a district court’s grant of a motion to dismiss, “construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 151-52 (2d Cir.2002) (citation omitted). When deciding a motion to dismiss, a district court may consider documents attached to the complaint or incorporated by reference into the complaint. Id. at 152-53. The district court here properly considered the property insurance policy that New Image attached to the complaint and the release agreement to which New Image referred in its complaint.
The district court properly dismissed New Image’s claims as time-barred based on the limitations provision in the policy. The policy provided that any lawsuit against Travelers must be brought “within 2 years after the date on which the direct physical loss or damage occurred.” The complaint alleges that property damage to the roller skating rink “occurred on or about” January 20, 2003. This lawsuit was filed on August 2, 2007. The two-year limitations period in the policy bars New Image’s lawsuit because it was filed more than two years from the alleged date of property damage. See, e.g., Beekman Regent Condo. Ass’n v. Greater N.Y. Mut. Ins. Co., 45 A.D.3d 311, 845 N.Y.S.2d 38, 38-39 (1st Dep’t 2007) (granting motion to dismiss when complaint was filed after expiration of an insurance policy’s two-year limitations period). New Image fails to allege facts in either the complaint or its briefs to suggest that it was, as a result of Travelers’ conduct, “lulled ... into sleeping on its rights under the insurance contract.” Gilbert Frank Corp. v. Fed. Ins. Co., 70 N.Y.2d 966, 968, 525 N.Y.S.2d 793, 520 N.E.2d 512 (1988). It was appropriate for the district court to find that New Image’s estoppel argument was insufficient as a matter of law.
For the foregoing reasons, we AFFIRM the judgment of the district court.