IL CAMBIO, INC., et al., Appellants, v U.S. FIDELITY AND GUARANTY COMPANY et al., Respondents. [920 NYS2d 305]—

Plaintiffs are precluded from obtaining reimbursement on a

replacement cost claim since they "failed to satisfy the condition precedent of rebuilding" (*DeLorenzo v Bac Agency*, 256 AD2d 906, 907 [1998]; *see D.R. Watson Holdings, LLC v Caliber One Indem. Co.*, 15 AD3d 969 [2005], *lv dismissed* 5 NY3d 842 [2005]; *Alpha Auto Brokers v Continental Ins. Co.*, 286 AD2d 309, 310 [2001]). Plaintiffs have the burden of proving that the alleged loss is covered under the policy (*see Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337, 339 [2003]), and the record establishes that there is no dispute that plaintiffs have never rebuilt or replaced the restaurant. Thus, their request for further discovery would not be productive (*see Oates v Marino*, 106 AD2d 289, 292 [1984]).

The complaint is also barred by the clear and unambiguous two-year suit limitations period in the policy (*see Costello v Allstate Ins. Co.*, 230 AD2d 763 [1996]). Contrary to plaintiffs' contention, defendant insurer did not waive, nor is it estopped from asserting, its contractual limitations defense based upon the fact of its payment of a portion of plaintiffs' claim before the expiration of the limitations period (*see New Medico Assoc. v Empire Blue Cross & Blue Shield*, 267 AD2d 757, 759 [1999]).

Claims in negligence are governed by the three-year limitations period set forth in CPLR 214 (4) (*see Tischler Roofing & Sheet Metal Works Co. v Sicolo Garage*, 64 Misc 2d 825 [1970]). The record demonstrates that the date of the loss of the restaurant was September 11, 2001; plaintiff received payment in the sum of $3,400,000 from the insurance carrier and the claim was closed on December 19, 2001; plaintiff's representative was able to reopen the claim in March 2002; and plaintiff received an additional $181,288 on September 27, 2002. Since this action was brought on April 12, 2006, plaintiffs' claim against their adjuster was properly dismissed as time-barred.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, P.J., Sweeny, Catterson, Acosta and Manzanet-Daniels, JJ.