■ AB GREEN GANSEVOORT, LLC, Respondent, v PETER SCALAMANDRE & SONS, INC., et al., Defendants, and LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [961 NYS2d 3]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered December 20, 2011, which, to the extent appealed from, denied defendant Liberty's motion for summary judgment dismissing the amended complaint as against it, unanimously modified, on the law, to declare that Liberty has no obligation to

defend or provide insurance coverage for plaintiff AB Green Gansevoort, LLC (Green) in the underlying personal injury action, and otherwise affirmed, without costs.

Plaintiff Green commenced this declaratory judgment action seeking liability coverage from defendant Liberty Mutual Insurance Company as an additional insured. The underlying action was brought by Juan Vargas, who alleges that he suffered bodily injury while working on a construction site owned by Green. Pavarini McGovern, LLC served as general contractor on the construction site. Pavarini then retained as a subcontractor Peter Scalamandre & Sons, Inc. Scalamandre then purchased concrete from Ferrara Brothers Building Materials Corp. pursuant to an unsigned purchase order.

Ferrara obtained a commercial lines insurance policy from Liberty. The policy stated, in pertinent part, that an organization is added as an additional insured "when you and such . . . organization have agreed in writing in a contract or agreement that such . . . organization be added as an additional insured on your policy."

Liberty moved for summary judgment dismissing Green's complaint seeking coverage as an additional insured under the policy issued to Ferrara. Liberty asserted that since Green did not produce any written agreement between itself and Ferrara naming Green as an additional insured, under the plain language of the policy, there was no question of fact as to whether an agreement existed between Ferrara and Green. The motion court denied Liberty's motion for summary judgment and this appeal ensued.

Liberty persuasively argues that this Court's decision in *Linarello v City Univ. of N.Y.* (6 AD3d 192 [1st Dept 2004]) requires that there be an express written agreement between Ferrara and Green for Green to be an additional insured (*id.* at 195). The language of the insurance policy at issue in *Linarello* is exactly the same as the policy here. It specifically provides that there must be a written agreement between the insured and the organization seeking coverage to add that organization as an additional insured. No such agreement exists here. Absent such an agreement, the plain terms of the policy have not been met and Green cannot seek coverage from Liberty as an additional insured. Although policies containing broader language have been found to allow for an agreement naming an additional insured without an express contract between the parties, the language at issue here is restricted to its plain meaning (*cf. American Home Assur. Co. v Zurich Ins. Co.*, 26 Misc 3d 1223[A], 2010 NY Slip Op 50237[U] [Sup Ct, Kings County 2010]).

In opposition, Green argues that the title of the provision, "Additional Insured—Owners, Lessees or Contractors—Automatic status when required in construction agreement with you," automatically made Green an additional insured when Ferrara entered into a purchase order with Scalamandre in which it agreed to "assume all the obligations and risks which . . . [Scalamandre] assumed towards" Green. However, Green's reliance on the title of the policy provision is misplaced as a heading "cannot alter . . . the effect of the unambiguous language in the body of the clause itself" (*Albany Med. Ctr. v Preferred Life Ins. Co. of N.Y.*, 19 Misc 3d 209, 215 [Sup Ct, Albany County 2008]; *see also Rivers v Sauter*, 26 NY2d 260, 262 [1970]). Alternatively, Green argues that the terms of the policy itself are ambiguous because the policy can be read to mean that the named insured and the party seeking to be an additional insured only need enter into written agreements with another party, not necessarily with each other. Under this interpretation of the policy, there is a question of fact as to whether the incorporation by reference language in the Scalamandre/Ferrara purchase order sufficed to establish a written agreement between Ferrara and Green as contemplated by the insurance policy. However, this reading is inconsistent with *Linarello* and we see no reason to depart from this controlling precedent (*Linarello*, 6 AD3d at 195). Moreover, Green's argument requires reading terms into the policy that do not exist. The policy does not provide that there only be some writing, but rather that there be a written contract between the named insured and the organization seeking coverage.

Here, there is no question of fact as to whether a written contract between Green and Ferrara existed and, therefore, Liberty is entitled to a declaration in its favor. Having reached a decision on this ground, we need not address Liberty's additional argument raised on appeal. Concur—Tom, J.P., Sweeny, Acosta, DeGrasse and Richter, JJ.