■ CITY OF NEW YORK, Plaintiff, v NOVA CASUALTY COMPANY et al., Defendants. NOVA CASUALTY COMPANY, Third-Party Plaintiff-Respondent, v HARLEYSVILLE WORCHESTER INSURANCE COMPANY, Third-Party Defendant-Appellant. [959 NYS2d 916]—

Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered October 5, 2011, to the extent appealed from, declaring that third-party defendant Harleysville Worchester Insurance Company is obligated to defend the City of New York in an underlying personal injury action under a policy it issued to nonparty Bruno Grgas, Inc., and order and judgment (one paper), same court and Justice, entered May 1, 2012, upon reargument, to the extent appealed from, declaring that Harleysville is obligated to defend the City under both the Grgas policy and a policy it issued to nonparty Coastal Sheet Metal Corp., unanimously reversed, on the law, without costs, and it is declared that Harleysville has no obligation to defend the City under either policy.

The terms of the additional insurance clauses in the Harleysville policies require that the insured and the organization seeking coverage have agreed in writing that the insured will add the organization as an additional insured. The record contains no such freestanding agreement between the City and either Grgas or Coastal. The language in Grgas's and Coastal's subcontracts incorporating by reference the terms of the prime contract, which required the contractor to add the City as an additional insured under its policies, is insufficient to create

that obligation (*see e.g. AB Green Gansevoort, LLC v Peter Scalamandre & Sons., Inc.*, 102 AD3d 425 [1st Dept 2013]). Concur—Gonzalez, P.J., Mazzarelli, Renwick, Richter and Gische, JJ. **[Prior Case History: 2011 NY Slip Op 32468(U).]**