■ STEPHEN VACCARO et al., Appellants, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, et al., Defendant. [983 NYS2d 436]—

In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated May 21, 2012, which granted the motion of the defendant New York Central Mutual Fire Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and denied their cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contentions, the provision in the subject insurance policy requiring that any action against the defendant New York Central Mutual Fire Insurance Company (hereinafter the respondent) be commenced within two years after the date of loss was neither unreasonable nor ambiguous. Accordingly, the Supreme Court properly determined that this provision was valid and enforceable (*see e.g. Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]; *Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d 820 [1985]; *Il Cambio, Inc. v U.S. Fid. & Guar. Co.*, 82 AD3d 650, 651 [2011]; *Klawiter v CGU/OneBeacon Ins. Group*, 27 AD3d 1155 [2006]; *Schachter v Royal Ins. Co. of Am.*, 21 AD3d 1024 [2005]; *Costello v Allstate Ins. Co.*, 230 AD2d 763 [1996]).

The respondent established its prima facie entitlement to judgment as a matter of law by submitting the subject insurance policy and the summons and complaint, which demonstrated that the plaintiffs did not commence this action until more than two years after the date of their loss. Since, in opposition, the plaintiffs failed to raise a triable issue of fact regarding their claim of estoppel, the Supreme Court properly granted the respondent's motion for summary judgment dismissing the complaint insofar as asserted against it (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d at 968; *Enright v Nationwide Ins.*, 295 AD2d 980, 981 [2002]; *Grumman Corp. v Travelers Indem. Co.*, 288 AD2d 344 [2001]; *Gongolewski v Travelers Ins. Co.*, 252 AD2d 569, 569-570 [1998]) and properly denied the plaintiffs' cross motion for summary judgment on the complaint. Mastro, J.P., Balkin, Miller and LaSalle, JJ., concur.