■ HERMITAGE INSURANCE COMPANY, Respondent, v SKYVIEW & SON CONSTRUCTION CORP. et al., Defendants, ASPEN INSURANCE UK LIMITED, Respondent, and STALIN IVAN DIAZ, Appellant. [27 NYS3d 569]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered November 12, 2014, which granted plaintiff's motion for summary judgment declaring that it has no duty to defend or indemnify defendants Suzana Mirzo, Muhamet Mirzo, and Skyview Construction Corp. in the underlying personal injury action, and so declared, and granted defendant Aspen Insurance UK Limited's cross motion for summary judgment declaring that it has no duty to defend or indemnify the Mirzos and Skyview in that action, and so declared, unanimously affirmed, without costs.

Defendant Stalin Ivan Diaz was injured while working for defendant 786 Iron Works Corporation on a project rehabilitating premises owned by defendants Muhamet Mirzo and Suzana Mirzo. Defendant Skyview & Son Construction Corp., operated by the Mirzos' son, acted as the general contractor for the project and hired Iron Works as a framing subcontractor. Diaz's injury occurred outside the premises when a steel metal rolling gate fell on him.

Following his injury, Diaz commenced an action against the Mirzos and Skyview in Queens County alleging negligence and Labor Law violations. Plaintiff provided coverage to the Mirzos and Skyview under two separate polices. Defendant Aspen Insurance UK Limited provided coverage to Iron Works.

The policies issued by plaintiff to the Mirzos and Skyview contain an exclusion for injuries arising from the work of independent contractors or subcontractors on the premises unless the contractors or subcontractors specifically agreed to

make the Mirzos and Skyview additional insureds on their own policies. Subcontractor Iron Works was the named insured on a policy issued by Aspen that provided that Aspen would consider an entity to be an additional insured only if Iron Works agreed, in writing, to make that entity an additional insured. There is no writing in the record before us in which Iron Works agreed to make the Mirzos or Skyview additional insureds under its policy (*see e.g. AB Green Gansevoort, LLC v Peter Scalamandre & Sons, Inc.*, 102 AD3d 425 [1st Dept 2013]).

Skyview's policy also limited its coverage to specific types of interior work. Diaz was working outside the building at the time of his accident.

The motion court correctly determined that plaintiff validly disclaimed coverage to Skyview based on late notice of the occurrence and that Aspen validly disclaimed coverage on that basis as to Skyview and the Mirzos (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332 [2005]).

We have considered Diaz's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Gische and Gesmer, JJ.