Kotecki's Grandview Grove Corp. v Acadia Ins. Co. (2018 NY Slip Op 00994)





Kotecki's Grandview Grove Corp. v Acadia Ins. Co.


2018 NY Slip Op 00994


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


163 CA 17-01520

[*1]KOTECKI'S GRANDVIEW GROVE CORP., PLAINTIFF-RESPONDENT,
v
ACADIA INSURANCE COMPANY, DEFENDANT-APPELLANT, AND FIRST NIAGARA RISK MANAGEMENT, INC., DEFENDANT. 






GOLDBERG SEGALLA LLP, BUFFALO (BRIAN R. BIGGIE OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (JON F. MINEAR OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered February 27, 2017. The order denied the motion of defendant Acadia Insurance Company for summary judgment dismissing the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the amended complaint against defendant Acadia Insurance Company is dismissed.
Memorandum: Plaintiff commenced this action to recover under an insurance policy issued by defendant Acadia Insurance Company (Acadia) for loss that it allegedly sustained in a "rain and/or windstorm." Plaintiff reported the loss to its insurance broker, defendant First Niagara Risk Management, Inc. (First Niagara). First Niagara prepared a property loss notice listing the date of loss as June 10, 2013. Acadia investigated the claim, partially denied it in October 2013, and reaffirmed that denial in February 2014. All of Acadia's correspondence listed the date of loss as June 10, 2013. The correspondence also advised plaintiff pursuant to New York insurance regulations that, in the event it wished to contest the denial, plaintiff was required by the policy to commence such an action within two years of the reported date of loss. On June 3, 2015, plaintiff commenced this action. During discovery, it was learned that the actual date of loss was May 28, 2013. In response to Acadia's notice to admit, plaintiff admitted that it noticed the damage to its property on May 28, 2013, that it contacted a roofing company on that date to repair the damage, and that it also contacted First Niagara on that date. Acadia then moved for summary judgment dismissing the amended complaint against it as time-barred.
Supreme Court erred in denying the motion. Acadia met its initial burden of establishing that plaintiff's action was not commenced within two years of the date of loss as required by the policy (see Compis Servs. v Hartford Steam Boiler Inspection & Ins. Co., 272 AD2d 886, 887 [4th Dept 2000]; see generally Nowacki v Becker, 71 AD3d 1496, 1497 [4th Dept 2010]), and plaintiff failed to raise an issue of fact to defeat the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to plaintiff's contention, it did not raise a triable issue of fact whether Acadia should be equitably estopped from relying on the limitations period provided in the policy. "Under the doctrine of equitable estoppel, a defendant is estopped from pleading a statute of limitations defense if the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (Richey v Hamm, 78 AD3d 1600, 1601-1602 [4th Dept 2010] [internal quotation marks omitted]; see Simcuski v Saeli, 44 NY2d 442, 449 [1978]). "A plaintiff seeking to apply the doctrine of equitable estoppel must establish that subsequent and specific actions by defendant[] somehow kept [him or her] from timely bringing suit' " (Putter v North Shore Univ. Hosp., 7 NY3d 548, 552 [2006]). Here, Acadia did nothing [*2]to keep plaintiff from commencing the suit in a timely manner. Although Acadia listed the date of loss incorrectly in its correspondence disclaiming coverage, that was the result of incorrect information provided by First Niagara, plaintiff's agent. In any event, plaintiff was always aware of the actual date of loss and that an action had to be commenced within two years of that date. Thus, plaintiff was not induced by Acadia's conduct to refrain from filing this suit in a timely manner.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court