Farage v Associated Ins. Mgt. Corp. (2022 NY Slip Op 06318)

Farage v Associated Ins. Mgt. Corp.

2022 NY Slip Op 06318

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Index No. 2022-00209, 2022-00438 Appeal No. 16631-16631A Case No. 653590/20 

[*1]Regina Farage, Plaintiff-Appellant,
v
Associated Insurance Management Corp., et al, Defendants, Tower Insurance Company of New York et al., Defendants-Respondents. 

Hagan Coury & Associates, Brooklyn (Paul R. Golden of counsel), for appellant.
Mound Cotton Wollan & Greengrass, LLP, New York (Kevin F. Buckley of counsel), for Tower Insurance Company of New York, Amtrust Financial Services, Inc., Amtrust North America, Castlepoint Insurance Company, Tower Risk Management Corp., Tower Group, Inc., Tower Group Companies, respondents.
Keidel, Weldon & Cunningham, LLP, White Plains (Howard S. Kronberg of counsel), for E.G. Bowman Co. Inc. and Mark Lauria Associates, Inc., respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 6, 2021, which granted defendants Tower Insurance Company of New York, AmTrust Financial Services, Inc., AmTrust North America, Castlepoint Insurance Company, Tower Risk Management Corp., Tower Group, Inc., and Tower Group Companies' (Tower defendants) motion to dismiss the complaint in its entirety pursuant to CPLR 3211(a)(1) and (7), and denied as moot defendants E.G. Bowman Co. and Mark Lauria Associates, Inc.'s (broker defendants) motions to dismiss the complaint, plaintiff's motion to amend the complaint to add causes of action for negligence against the broker defendants, and plaintiff's motion for leave to serve a second supplemental summons and amended complaint to add Technology Insurance Company, Inc. as a defendant, unanimously affirmed, without costs. Order, same court and Justice, entered on or about November 10, 2021, which, to the extent appealable, denied plaintiff's motion to renew, unanimously affirmed, without costs.
The Tower defendants conclusively established a defense to the asserted claims as a matter of law by submitting documentary evidence that "the [subject insurance] policy contains a two-year limitations period and that plaintiffs' action was commenced after the expiration of that period" (Beekman Regent Condominium Assn. v Greater N.Y. Mut. Ins. Co., 45 AD3d 311, 311 [1st Dept 2007]). In accordance with the insurance policy's two-year suit limitations provision, plaintiff had until August 4, 2016 to commence an action, yet failed to file the summons with notice until August 4, 2020 and was therefore time-barred from commencing suit against the Tower defendants, or from amending the complaint to add a party to this action. Executive Plaza, LLC v Peerless Insurance Company (22 NY3d 511, 517 [2014]) is distinguishable, as plaintiff here failed to allege that she reasonably attempted to repair the property within the two-year limitations period but was unable to do so (see Turner Constr. Co. v Nastasi & Assoc., Inc., 192 AD3d 103, 106 [1st Dept 2020]). Moreover, defendant insurer's unrefuted September 1, 2020 letter demonstrates that the delay in denial of the claim "was attributable to the investigation of the claim and [plaintiff's] failure to cooperate in the investigation" (Minichello v Northern Assur. Co. of Am., 304 AD2d 731, 732 [2d Dept 2003]).
The allegations against the broker defendants are unavailing. The reason that plaintiff did not receive insurance proceeds is not because the terms of her policy were unfavorable but because she failed to sue within the limitations period. Thus, any negligence or breach of contract by plaintiffs' brokers is not the proximate cause of plaintiff's alleged damages (see US Pack Network Corp. v Travelers Prop. Cas., 42 AD3d 330, 331 [1st Dept 2007]; see also Bachrow v Turner Constr. Corp., 46 AD3d 388, 388 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022