Arch Specialty Ins. Co. v Nautilus Ins. Co. (2023 NY Slip Op 00482)

Arch Specialty Ins. Co. v Nautilus Ins. Co.

2023 NY Slip Op 00482

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Moulton, Mendez, JJ. 

Index No. 651364/21 Appeal No. 17221 Case No. 2022-01211 

[*1]Arch Specialty Insurance Company, Plaintiff-Appellant-Respondent,
v
Nautilus Insurance Company, Defendant-Respondent-Appellant, Bordone Contracting, LLC, Defendant.

Kelly & Curtis, PLLC, New York (Andrew I. Mandelbaum of counsel), for appellant-respondent.
Morrison Mahoney LLP, New York (Kateryna Stupnevich of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Laurence Love, J.), entered on or about January 13, 2022, which denied plaintiff Arch Specialty Insurance Company (Arch)'s motion for summary judgment and defendant Nautilus Insurance Company (Nautilus)'s cross motion for summary judgment seeking competing declarations as to Nautilus's coverage obligations to defendant Bordone Contracting, LLC (Bordone) in an underlying personal injury action, unanimously affirmed, without costs.
The additional insured endorsement of the Nautilus policy, issued to its named insured nonparty GSC Services Corporation (GSC), stated that additional insured coverage would be provided only to "any person(s) or organization(s) when you [GSC] and such person(s) or organization(s) have agreed in a written contract or written agreement that such person(s) or organizations(s) be added as an additional insured on your policy." That language clearly and unambiguously required that the named insured execute a contract with the party seeking coverage as an additional insured (see Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146, 154 [1st Dept 2016], affd 31 NY3d 131 [2018]; AB Green Gansevoort, LLC v Peter Scalamandre & Sons, Inc., 102 AD3d 425, 426 [1st Dept 2013]). Issues exist here as to whether the signed two-page subcontract between GSC and Bordone incorporated an "invoice requirements" page and whether that page sufficiently required GSC to procure additional insured coverage for Bordone.
In light of the foregoing, we need not reach the parties' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023