600 Assoc. LLC v Illinois Union Ins. Co. (2025 NY Slip Op 05622)

600 Assoc. LLC v Illinois Union Ins. Co.

2025 NY Slip Op 05622

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 814015/22|Appeal No. 4939-4940|Case No. 2023-04993, 2024-06544|

[*1]600 Associates LLC et al., Third Third-Party Plaintiffs-Respondents,
v
Illinois Union Insurance Company, Third Third-Party Defendant-Appellant.

Kennedys CMK LLP, New York (Laura B. Dowgin of counsel), for appellant.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 26, 2023, which denied third third-party defendant Illinois Union Insurance Company's (Illinois) motion for summary judgment declaring that third third-party plaintiffs (Plaintiffs) are not named insureds or additional insureds under the Illinois policy and that Plaintiffs are not entitled to a defense or indemnity from Illinois in the underlying action, unanimously reversed, on the law, without costs, the motion granted and it is so declared. Appeal from order, same court (Myrna Socorro, J.), entered October 9, 2024, which denied Illinois' motion to renew and reargue, unanimously dismissed, without costs, as academic.
Plaintiff 600 Associates LLC, 600 East 156th Street Housing Development Fund Corporation and 600 East 156th Street LIHTC, LLC (collectively 600 Associates) are the owners of premises located at 600 East 156th Street Bronx, N.Y. They contracted with Mega Contracting Group, LLC (Mega) to perform certain construction work at the premises. 600 Associates and Mega (collectively "Plaintiffs") bring this third-party action against defendant Illinois Union Fire Insurance Company (defendant) for a declaration that defendant must defend and indemnify them as additional insureds on a policy of insurance defendant issued to its insured nonparty Len & Mar Drywall Corp. (Len & Mar).
Mega subcontracted with Allen Blvd Interiors (Allen) who subcontracted part of its work with Len & Mar. In the agreement between Allen and Len & Mar, Len & Mar agreed to defend, indemnify and procure insurance in favor of "owner/contractor" which in the contract is defined to mean Allen. There is no reference to plaintiffs in the agreement between Allen and Len & Mar.
The policy of insurance issued by defendant to Len & Mar contains an additional insured endorsement that reads in relevant part: "A. The following is added to Paragraph C. who is an insured: 3. Any person(s) or organization(s) for whom you are performing operations is also an additional insured, if you and such person(s) or organization(s) have agreed in writing in a contract or agreement that such person(s) or organization(s) be included as an additional insured on your policy . . ." Plaintiffs assert they are additional insureds under the Illinois policy issued to its insured Len & Mar. Defendants moved for summary judgment to dismiss the action asserting that plaintiffs are not additional insureds. Plaintiffs have no written agreement with Len & Mar, as required by the endorsement. Therefore, plaintiffs are not additional insureds under that policy (AB Green Gansevoort, LLC v Peter Scalamandre & Sons, Inc. (102 AD3d 425, 426 [1st Dept 2013]; see also Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 31 NY3d 131, 135 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025